UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE WELLS FARGO & COMPANY HIRING PRACTICES DERIVATIVE LITIGATION | Case No.  22-cv-05173-TLT |
| All Related Actions | |
| ASBESTOS WORKERS PHILADELPHIA WELFARE AND PENSION FUND, et al., | Case No.  23-cv-01168-TLT |
| Plaintiffs, | **ORDER GRANTING MOTION TO INTERVENE; GRANTING LEAVE TO FILE MOTION; RELATING CASE** |
| v. | |
| CHARLES W. SCHARF, et al., Defendants. | Re: ECF Nos. 38, 55 |

Pending before the Court is Amy Cook's ("Cook") motion to intervene and to stay action and Asbestos Workers Philadelphia Welfare and Pension Fund and Jose F. Isais's ("Asbestos") motion for leave to file a motion for consolidation and reconsideration.  ECF Nos. 38, 55.  The Court finds that these motions can be resolved without oral argument.  *See* Civ. L.R. 7-1(b).

After considering the parties' papers, the Court **GRANTS** Cook's motion to intervene, **DENIES** the motion to stay, and **GRANTS** Asbestos's motion for leave to file a motion for consolidation and reconsideration.

## I.    BACKGROUND

The instant case is regarding the hiring practices of Wells Fargo, which allegedly conducted fake interviews against a publicly stated hiring policy to promote diversity.

Plaintiffs Hugues Gervat and Charles Rogers each filed shareholder derivative actions against officers of Wells Fargo & Company on September 9, 2022, and September 26, 2022, respectively.  *See* ECF No. 1; *Rogers v. Scharf, et al.*, No. 22-cv-05473 (N.D. Cal.), ECF No. 1.  Subsequently, on October 31, 2022, the Court granted Gervat and Rogers' stipulation to

1  consolidate the two actions, such that both The Brown Law Firm, P.C. and The Rosen Law Firm,

2  P.A. were co-lead counsel in the consolidated action.  ECF No. 15.  Plaintiffs then filed an

3  amended complaint on February 24, 2023.  ECF No. 37.

4  On March 2, 2023, Cook filed the instant motion to intervene and stay action.  ECF No.

5  38.  Both Asbestos and Plaintiffs opposed.  ECF Nos. 44, 45.  Cook replied.  ECF No. 48.

6  Additional parties that seek to intervene, the City of Pontiac Reestablished General Employees'

7  Retirement System and the City of Plantation Police Officers' Retirement Fund ("City"), joined

8  Cook's motion.  ECF No. 65.

9  Asbestos also commenced a shareholder derivative action against largely the same

10  Defendants on March 15, 2023.  *Asbestos v. Scharf, et al.*, No. 23-cv-01168 (N.D. Cal.).  On

11  March 30, 2023, Asbestos moved for leave to file a motion for consolidation and reconsideration.

12  ECF No. 55.

13  **II.    LEGAL STANDARD**

14  A court may permit a party to intervene as of right.  Fed. R. Civ. P. 24(a).  A movant must

15  show:

> (1) the intervention application is timely; (2) the applicant has a
> significant protectable interest relating to the property or transaction
> that is the subject of the action; (3) the disposition of the action may,
> as a practical matter, impair or impede the applicant's ability to
> protect its interest; and (4) the existing parties may not adequately
> represent the applicant's interest.

19  *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011)

20  (citation omitted).  "Failure to satisfy any one of the requirements is fatal to the application."

21  *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).  The Ninth Circuit

22  has "repeatedly instructed that 'the requirements for intervention are to be broadly interpreted in

23  favor of intervention.'"  *Kalbers v. United States Dep't of Just.*, 22 F.4th 816, 822 (9th Cir. 2021)

24  (citation and modification omitted).

25  A court may also allow permissive intervention.  Fed. R. Civ. P. 24(b).  "An applicant who

26  seeks permissive intervention must prove that it meets three threshold requirements: (1) it shares a

27  common question of law or fact with the main action; (2) its motion is timely; and (3) the court

28  has an independent basis for jurisdiction over the applicant's claims."  *Donnelly v. Glickman*, 159

United States District Court
Northern District of California

F.3d 405, 412 (9th Cir. 1998).  "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention."  *Id.*

Whether to stay an action is within the discretion of the court.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  A court may consider factors such as (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

## III.    DISCUSSION

### A.    Cook's Intervention as of Right

The Court finds that Cook does not satisfy the requirements to intervene as of right.

#### 1.    Timeliness

"Timeliness is determined by the totality of the circumstances facing would-be intervenors, with a focus on three primary factors: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'" *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016).

Here, although the action commenced in September 2022, it is still in its infancy, as the pleadings have not yet settled.  Moreover, Cook's motion was brought within a week after the filing of the consolidated complaint.  In addition, due to the early stage of the case, the parties will not suffer prejudice from Cook's intervention, and neither Plaintiff nor Asbestos sufficiently articulate any prejudicial impact.  Lastly, Cook's intervention will not cause undue disruption or delay in the proceedings, as the case schedule will not be severely impacted.  Thus, the Court finds that Cook's motion is timely.  *See Citizens*, 47 F.3d at 897 ("The motion to intervene was made at an early stage of the proceedings, the parties would not have suffered prejudice from the grant of intervention at that early stage, and intervention would not cause disruption or delay in the proceedings. These are traditional features of a timely motion.").

Plaintiffs' and Asbestos's arguments that Cook's motion is untimely are largely premised on Cook's request to stay the case for 60 days.  The Court addresses this separately below.

United States District Court
Northern District of California

### 2.      Significant Protectable Interest

"Whether an applicant for intervention as of right demonstrates sufficient interest in an action is a 'practical, threshold inquiry,' and 'no specific legal or equitable interest need be established.'" *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996), *as amended on denial of reh'g* (May 30, 1996) (citation omitted).  "To demonstrate a significant protectable interest, an applicant must establish that the interest is protectable under some law and that there is a relationship between the legally protected interest and the claims at issue." *Citizens*, 647 F.3d at 897.

Plaintiffs and Cook cite different opinions in support of their position.  Plaintiffs rely on *In re Facebook*, to support their position.  There, the court found that because the corporation was the real party in interest in a derivative action, the intervenor and plaintiffs had the same interest.  *In re Facebook, Inc. S'holder Derivative Priv. Litig.*, 367 F. Supp. 3d 1108, 1130 (N.D. Cal. 2019).  However, the court then found that because the corporation was the true party in interest, the intervenor had no protectable interest.  *Id.*  The Court respectfully declines to follow that reasoning, as that would lead to the result that a shareholder is never permitted to intervene in a derivative action.

Instead, the Court is persuaded by *In re Intel*, cited by Cook.  There, the court found that the intervenor had a legally protectable interest "in ensuring that the derivative claims are fully investigated and litigated on their merits to obtain the best possible recovery for [the corporation.]"  *In re Intel Corp. S'holder Derivative Litig.*, No. 18-CV-01489-YGR, 2018 WL 5777138, at *3 (N.D. Cal. Nov. 2, 2018).  This was because "a shareholder will receive at least an indirect benefit (in terms of increased shareholder equity) from any corporate recovery," such that "he has an adequate interest in vigorously litigating the claim." *Id.* (citation omitted).  As Cook avers that she intends to pursue largely the same claims as Plaintiffs, the Court finds that Cook has a protectable interest for recovery of damages suffered by the company.

### 3.      Impairment of Ability to Protect Interest

"If an absentee would be substantially affected in a practical sense by the determination made in an action, [s]he should, as a general rule, be entitled to intervene...." Fed. R. Civ. P. 24

4

advisory committee's note.  The Ninth Circuit has "stress[ed] that intervention of right does not require an absolute certainty that a party's interests will be impaired or that existing parties will not adequately represent its interests." *Citizens*, 647 F.3d at 900.

Cook contend that "the outcome of the expected motion to dismiss will certainly 'impair or impede' Cook's ability to prosecute the derivative claims and to protect the interests of other shareholders." Mot. to Intervene at 6:16–18.  The Court agrees.

As Cook avers that she made a request for a Section 220 books and record inspection, which Plaintiffs did not, Cook may arguably make different allegations that can survive dismissal.  Thus, the Court finds that Cook's ability to protect her interests may be affected if Plaintiff's claims are dismissed with prejudice due to preclusion.  This requirement is satisfied.

### 4.      Adequacy of Representation

In determining whether an intervenor's interest is adequately represented, a court considers "(1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Nw. Forest Res. Council*, 82 F.3d at 838.  "The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972).  "Where an applicant for intervention and an existing party 'have the same ultimate objective, a presumption of adequacy of representation arises.'" *Nw. Forest Res. Council*, 82 F.3d at 838 (citation omitted).  "To rebut the presumption, an applicant must make a 'compelling showing' of inadequacy of representation." *Citizen*, 647 F.3d at 898.

Here, Cook seeks "the same ultimate objective" as the Plaintiffs.  Cook likewise seeks to bring derivative claims against Defendants for essentially the same conduct.  As such, the presumption of adequate representation applies.

Cook contends that Plaintiffs' representation is inadequate for a few reasons, namely that Plaintiffs' complaint did not include board-level documents, such as those from Cook's books and

United States District Court
Northern District of California

United States District Court
Northern District of California

1   records inspection, and Plaintiffs did not allege when they first bought their Wells Fargo stock.

2       The Court is not persuaded that Cook has made a "compelling showing" to rebut the

3   presumption of adequate representation.  Cook's contention that she may be able to craft

4   allegations that better withstand Defendants' motion to dismiss because of her books and records

5   inspection reflects a difference in strategy.  *In re Facebook*, 367 F. Supp. 3d at 1130–31 ("State

6   Plaintiff contends that because he has made a demand for books and records pursuant to Title 8,

7   Section 220 of the Delaware General Corporation Law, State Plaintiff will be able to file a 'more

8   fulsome pleading' than Plaintiffs . . . State Plaintiff's contentions reflect a difference in how to

9   strategically pursue a derivative action").  In addition, Cook's contention is speculative, as Cook

10   does not proffer any specific facts or arguments she may allege that are not in Plaintiffs'

11   complaint.  Regarding when Plaintiffs purchased their Wells Fargo shares, the Court must take as

12   true Plaintiffs' allegation that Plaintiffs owned the stock during the relevant period.  Thus, Cook

13   has not shown the inadequacy of Plaintiffs to represent her interests.

14       Accordingly, the Court finds that the last requirement is not satisfied.  As such, Cook may

15   not intervene as of right.

16       **B.**    **Cook's Permissive Intervention**

17       Nonetheless, the Court finds that Cook may permissively intervene.  The Court finds that

18   the threshold requirements are met and exercises its discretion.  *See United States v. $129,374 in*

19   *U.S. Currency*, 769 F.2d 583, 586 (9th Cir. 1985) ("[P]ermissive intervention is committed to the

20   broad discretion of the district court.").

21       The Court finds that Cook meets the threshold requirements for permissive intervention.

22   *See Donnelly*, 159 F.3d at 412.  Cook seeks to assert the same legal claims regarding the same set

23   of facts as Plaintiffs.  *See* Reply at 4:26–5:2, ECF No. 48.  As discussed above, Cook's motion is

24   timely.  In addition, Cook has an independent basis for jurisdiction since she avers that she is a

25   Wells Fargo shareholder that held stock during the relevant period and avers that she is not

26   seeking to assert any new state law claims.

27       The Court also considers other nonexclusive factors.  *See Spangler v. Pasadena City Bd. of*

28   *Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977) (The Court may consider nonexclusive factors such as

United States District Court
Northern District of California

1   "the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the

2   legal position they seek to advance, and its probable relation to the merits of the case.").

3          First, the Court notes the concern from Cook that her claims may be precluded if she is not

4   allowed to intervene.  As another Court noted, moving to intervene prior to completing a Section

5   220 books and records inspection is permitted.  *See In re Alphabet Inc. S'holder Derivative Litig.*,

6   No. 19-CV-06880-RS, 2020 WL 6493988, at *4 (N.D. Cal. June 9, 2020) ("Delaware courts,

7   uniquely suited to opine on the role that Section 220 demands should play in stockholder

8   derivative litigation, have recommended the very actions Paul has taken here—i.e. moving to

9   intervene even before completing his Section 220 investigation, rather than allowing a related

10  derivative action to proceed elsewhere and risk facing issue preclusion.") (citation omitted).  In

11  addition, as discussed above, dismissal of Plaintiffs' claims will prevent Cook from bringing the

12  same claims due to preclusion.

13         The Court also notes that Cook seeks appointment of lead plaintiff and lead counsel.  Mot.

14  to Intervene Reply at 1:16–24, ECF No. 48.  As current co-lead counsel was designated through

15  stipulation, the Court finds it appropriate to brief on this issue.  *See In re Oclaro, Inc. Derivative*

16  *Litig.*, No. C-11-3176 EMC, 2011 WL 4345099, at *2 (N.D. Cal. Sept. 14, 2011) ("With respect to

17  appointment of lead counsel, the Ninth Circuit has held that a court has the inherent power to

18  consolidate actions and appoint lead counsel to supervise and coordinate prosecution of a case.")

19  (citation omitted).  The Court is concerned with securing the best representation for plaintiffs that

20  bring suit on behalf of Wells Fargo, which may include any information Cook received from her

21  books and records inspection.

22         Plaintiffs argue that Cook's motion "is unnecessary, premature, filed without a complaint,

23  and would prejudice the parties to the Action by needlessly stalling this litigation and allowing the

24  docket to be consumed by superfluous motion practice."  Pls.' Opp'n to Mot. to Intervene at 19:1–

25  3, ECF No. 45.  As this action is at the pleading stage, the Court finds that permitting Cook's

26  intervention provides judicial efficiency from having Cook as part of this action, rather than a

27  separate action that Cook may bring.  While a short delay may result from Cook's intervention,

28  due to the appointment of lead counsel, as discussed above, the Court finds it appropriate

1    considering Cook's motion being brought merely days after Plaintiff's operative pleading was

2    filed and that the case is at an early stage.

3            The Court does not find Cook's lack of a separate pleading to be dispositive.  As the Ninth

4    Circuit stated, "the failure to comply with the Rule 24(c) requirement for a pleading is a 'purely

5    technical' defect which does not result in the 'disregard of any substantial right.'"  *Westchester*

6    *Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009) (citation omitted).  That Court

7    further noted that "Courts, including this one, have approved intervention motions without a

8    pleading where the court was otherwise apprised of the grounds for the motion."  *Id.* (citation

9    omitted).  Here, Cook has sufficiently apprised the Court that she seeks to bring similar derivative

10   claims.  Accordingly, the Court grants Cook's permissive intervention.

   **C.**     **Cook's Motion to Stay**

12           Cook additionally seeks to stay the action for 60 days to complete her books and records

13   inspection.  The Court notes that a stay may require adjustment of the case schedule, which the

14   Court prefers to maintain.  As over 60 days have passed since Cook filed her motion, the Court

15   considers this motion moot and declines to stay the case.

   **D.**     **Asbestos's Motion**

17           Asbestos requests leave to file a motion to consolidate and a motion to reconsider the

18   Court's prior order.  ECF No. 55.  A court may consolidate actions before the court if they

19   "involve a common question of law or fact."  Fed. R. Civ. P. 42(a).  "The district court has broad

20   discretion under this rule to consolidate cases pending in the same district."  *Invs. Rsch. Co. v.*

21   *U.S. Dist. Ct. for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989).

22           An action is related to another when: "(1) The actions concern substantially the same

23   parties, property, transaction, or event; and (2) It appears likely that there will be an unduly

24   burdensome duplication of labor and expense or conflicting results if the cases are conducted

25   before different Judges."  Civ. L.R. 3-12(a).

26           Here, Asbestos's claims undoubtedly "concern substantially the same parties, property,

27   transaction, or event."  Asbestos's action concerns conduct by Wells Fargo's officers and

28

directors[1] regarding illegal discrimination, including the hiring practices alleged by Plaintiffs.[2] Moreover, many of the claims overlap—such as violation of Section 14(a) of the Securities Exchange Act, breach of fiduciary duty, corporate waste, and unjust enrichment.  As such, the Court finds it appropriate to relate the actions.

In a motion for leave to file a motion for reconsideration, the movant must show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

At issue is the Court's order granting Plaintiffs Gervat and Rogers' stipulation to consolidate.  *See* ECF No. 15.  The Court ordered subsequent derivative actions to be consolidated.  *Id.* at 3:21–4:4.  In addition, Plaintiffs' counsel was designated co-lead counsel.

After that order, additional Wells Fargo shareholders have emerged that seek to lead the derivative action, such as Cook, Asbestos, and City.  As Plaintiffs', Cook's, and Asbestos's adequacy to serve as plaintiffs in this action were all brought into question in the papers, the Court finds it appropriate to consider who should be lead counsel.  *See Berg v. Guthart*, No. 5:14-CV-00515-EJD, 2014 WL 3749780, at *2 (N.D. Cal. July 30, 2014) ("For the purpose of creating an efficient case management structure in complex litigation, a district court has the inherent authority to determine the conduct of derivative proceedings, including appointing lead counsel and/or lead plaintiff.") (citations omitted); *see also Sparano v. Lief*, No. 10-CV-2079, 2011 WL 830109, at *2 (S.D. Cal. Mar. 3, 2011) ("[B]ecause a plaintiff in a derivative action is bringing claims on behalf of a company, it is unclear what benefits there are to appointing a lead plaintiff,

---

[1] Claims are brought against largely the same individual defendants.
[2] The Court notes that Asbestos additionally allege claims regarding Wells Fargo's allegedly discriminatory lending practices.

United States District Court
Northern District of California

especially when lead counsel is appointed.").

As discussed above, the Court relates the actions.  However, it is unclear whether consolidation of the actions is necessary and further briefing on this issue would be helpful.  As such, the Court hereby **GRANTS** Asbestos's motion for leave to file a motion to consolidate.  Similarly, because Plaintiffs, Cook, and Asbestos dispute who should be lead counsel in these actions, the Court finds it appropriate to also consider further briefing on this issue, and thus hereby **GRANTS** Asbestos's motion for leave to file a motion for reconsideration of the Court's previous order appointing both The Brown Law Firm, P.C. and The Rosen Law Firm, P.A. as co-lead counsel.  Accordingly, Asbestos's motion for leave to file a motion for consolidation and reconsideration is **GRANTED**.

## IV.    CONCLUSION

For the foregoing reasons, Cook's motion to intervene is **GRANTED** and motion to stay is **DENIED**.  Asbestos's motion for leave to file motion to consolidate and motion for leave to file a motion for reconsideration is **GRANTED**.  Asbestos shall file its motion for consolidation as a separate docket entry by **July 25, 2023**.

In addition, the Court **SETS** a deadline of **October 23, 2023**, for all counsel to file motions for appointment of lead counsel.  Responsive briefs due **November 20, 2023**.  Reply briefs due **December 4, 2023**.  Hearing scheduled for **January 9, 2024, at 2 PM**.  As an amended pleading may be filed subsequent to appointment of lead counsel, pending motions in the lead and member cases are **DENIED AS MOOT WITHOUT PREJUDICE**.

Finally, the Court finds that 3:23-cv-01168-TLT is related to 3:22-cv-05173-TLT, and thus **RELATES** these actions.

This Order terminates ECF Nos. 38, 55, 56, 58.

**IT IS SO ORDERED.**

Dated: July 13, 2023

TRINA L. THOMPSON
United States District Judge