UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE WELLS FARGO & COMPANY HIRING PRACTICES DERIVATIVE LITIGATION | Case No. 22-cv-05173-TLT<br><br>**INQUIRIES FOR HEARING ON 1/14/2025**<br><br>Re: Dkt. No. 178 |

## I. <u>**Demand Futility**</u>

1. Plaintiffs' new allegations regarding demand futility address "Counts II, III, and IV," however, the allegations do not address demand futility as to Count I Breach of Fiduciary Duty. The Court previously found that "the Officer Defendants oversight of discriminatory lending and discriminatory hiring practices will implicate a different set of facts than a Caremark claim against the Director Defendants." ECF 176, at 48.

    a. **[PLAINTIFFS]** Are Plaintiffs conceding demand futility as to the Caremark claim against Officer Defendants?

2. Whether demand is futile for the Section 10(b) and SEC Rule 10b5, Section 20(a), and Section 20A claims will depend upon if the Court finds that the underlying factual allegations against Director Defendants and Officer Defendants are congruous. *See Teamsters Loc. 443 Health Servs. & Ins. Plan v. Chou*, No. CV 2019-0816-SG, 2020 WL 5028065, at *25 (Del. Ch. Aug. 24, 2020); *Grabski on behalf of Coinbase Glob., Inc. v. Andreessen*, No. 2023-0464-KSJM, 2024 WL 390890, at *9 (Del. Ch. Feb. 1, 2024).

    a. **[DEFENDANTS]** Plaintiffs contend that the allegations are congruous because determining that the Officer Defendants' statements were false would necessarily mean the Director Defendants' statements were false. What is your response to this argument? Would assessing scienter for each statement implicate a separate set of facts?

    b. **[BOTH]** How could the facts for the Section 20(a) claim be congruous when control-person liability is implicated?

    c. **[PLAINTIFFS]** The Court previously found the set of facts would not be congruous for the Section 20A claim against Santos. ECF 176, at 48. What has the amended complaint included to alter the Court's previous conclusion?

3. **[BOTH]** Have the parties identified any caselaw in which a court found congruency for Section 10(b) and Rule 10b-5 and Section 20(a) claims? *Grabski* and *Teamsters* did not deal with such claims.

## II.   Section 10(b)

4. Parties dispute whether Powell "maker" of the alleged statements. Plaintiffs allege that Powell "signed a letter that was included in Wells Fargo's 2020 Social Impact and Sustainability Highlights, which included false statements." SAC ¶ 421. Plaintiffs argue that Powell had general authority over the challenged statements "by virtue of his position and title." However, Defendants contend that this is not same as Powell having "ultimate authority over the statement[s], including [their] content and whether and how to communicate it." *Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 142 (2011).

    a. **[PLAINTIFFS]** What is your response to this argument?

2

### III. Section 20(a)

5. The parties dispute whether the Complaint alleges that Wells Fargo is the primary violator. The SAC asserts that the Officer Defendants, "[b]y reason of their positions of control and authority as officers . . . of Wells Fargo," "were able to and did control, directly and indirectly, the content of the public statements made by Wells Fargo." SAC ¶ 445. Courts have previously found that "the corporation cannot be a primary violator for control person purposes." *In re Maxim Integrated Prods., Inc., Derivative Litig.*, 574 F. Supp. 2d 1046, 1067 (N.D. Cal. 2008).

    a. **[BOTH]** What are the parties' best arguments addressing this alleged deficiency?

**IT IS SO ORDERED.**

Dated: January 13, 2025

_____
TRINA L. THOMPSON
United States District Judge