UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGUES GERVAT, et al.,<br>Plaintiffs,<br>v.<br>WELLS FARGO & COMPANY, et al.,<br>Defendants. | Case No. 22-cv-05173-TLT (SK)<br><br>**ORDER ON DISCOVERY DISPUTE REGARDING DILIGENT MATERIALS**<br><br>Regarding Docket Nos. 249, 251, 252 |

Now before the Court are two joint letter discovery briefs filed by the parties regarding: (1) loan documents, (2) Defendants' search and production of the Diligent platform. (Dkt. Nos. 249, 252.)[1]

## BACKGROUND

This case originally had a deadline of August 1, 2025, for factual discovery. On July 25, 2025, the Court extended the deadline to August 21, 2025. These two discovery letter briefs were filed on August 1, 2025, and August 4, 2025.

## ANALYSIS

**A.    Loan Documents.**

On February 27, 2025, Wells Fargo informed Plaintiffs that it would produce documents which were collected and produced in a separate action, *In re Wells Fargo Mortgage Discrimination Litigation*, No. 3:22-cv00990 (N.D. Cal.) (the "Mortgage Action"). Wells Fargo stated that it would not include "structured data related to HMDA reportable loan applications." Wells Fargo again reiterated this position in its Responses and Objections to Plaintiffs' First Set of Document Requests, served on February 28, 2025.

---

[1] The Court will address the corresponding motion to seal in a separate order. (Dkt. Nos. 250, 253.)

On May 27, 2025, Wells Fargo provided a hard drive with the video files for depositions taken in the Mortgage Discrimination action, including certain of plaintiffs' and Wells Fargo's experts. Through this process, Plaintiffs discovered that Wells Fargo had not produced certain data about loan applications. On July 23, 2025, Plaintiffs wrote to Wells Fargo seeking the data at issue here. The parties met and conferred on July 25, 2025 but did not reach agreement. As noted above, the parties then filed this discovery letter brief on August 1, 2025.

The Court DENIES Plaintiffs' request for production of this additional data from the Mortgage Action. Although the parties might have had a genuine misunderstanding about the scope of production from the Mortgage Action, Plaintiffs were on notice as soon as May 27, 2025, that Wells Fargo had not produced certain data. The original deadline for factual discovery was August 1, 2025, and even though the deadline was extended to August 21, 2025, there is no reason for Plaintiffs' delay from May 27, 2025, to August 1, 2025, to seek this data. Asking for Wells Fargo to respond to this request at this late date is not reasonable.

Additionally, because the Court is denying Plaintiff's request for this additional data, the Court further DENIES Plaintiffs' administrative motion seeking leave to file a supplemental declaration in support of their letter brief. (Dkt. No. 251.)

**B.     Diligent Documents.**

Plaintiffs request that the Court order Wells Fargo to search and produce documents from a platform, Diligent. Plaintiffs claim that they first learned at the deposition of Defendant Ronald Sargent on July 11, 2025, that Wells Fargo provided materials to its directors and that the directors could take notes on the platform. Defendants claim that Plaintiffs have known of the existence of Diligence since March 7, 2025, when Wells Fargo first produced documents. Plaintiffs began meeting and conferring with Defendants about Diligent on July 15, 2025. Defendants further represent that Wells Fargo never enabled the messaging tool on Diligent for its directors and that there is no evidence that any director took notes or marked up materials in Diligent.

/ / /

/ / /

/ / /

1  Again, Plaintiffs' request is simply too late and, given the low likelihood that there is any
2  relevant material in this repository, the Court DENIES Plaintiffs' request for production of these
3  documents.

4  **IT IS SO ORDERED**.

5  Dated: August 6, 2025

_____
SALLIE KIM
United States Magistrate Judge