# EXHIBIT 1

Mark C. Molumphy (SBN 168009)
**COTCHETT, PITRE & MCCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone:  (650) 697-6000
Facsimile:  (650) 697-0577
mmolumphy@cpmlegal.com

Lesley E. Weaver (SBN 191305)
**BLEICHMAR FONTI & AULD LLP**
1330 Broadway, Suite 630
Oakland, CA 94612
Telephone:  (415) 445-4003
Facsimile:  (415) 445-4020
lweaver@bfalaw.com

Marlon E. Kimpson (*pro hac vice*)
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone:  (843) 216-9000
Facsimile:  (843) 216-9450
mkimpson@motleyrice.com

*Lead Counsel for Lead Plaintiffs*

*[Additional Counsel on Signature Pages]*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE WELLS FARGO & COMPANY HIRING PRACTICES DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br>    ALL ACTIONS | Lead Case No. 3:22-cv-05173-TLT<br><br>**JOINT STIPULATION AND AGREEMENT OF SETTLEMENT**<br><br>The Honorable Trina L. Thompson |

## STIPULATION AND AGREEMENT OF SETTLEMENT

Subject to the approval of the United States District Court for the Northern District of California ("**Court**"), this Stipulation and Agreement of Settlement ("**Stipulation**") is made and entered into by and among the following Settling Parties (as defined herein), each by and through his, her, or its respective counsel: (i) City of Plantation Police Officers' Retirement Fund ("**Plantation**"), City of Pontiac Reestablished General Employees Retirement System ("**Pontiac**"), and Amy Isenberg ("**Isenberg**") (collectively, the "**Lead Plaintiffs**"); (ii) Nominal Defendant Wells Fargo & Company ("**Wells Fargo**" or the "**Company**"); and (iii) Charles W. Scharf, Steven D. Black, Mark A. Chancy, Celeste A. Clark, Theodore F. Craver, Jr., Richard K. Davis, Wayne M. Hewett, Donald M. James, CeCelia G. Morken, Maria R. Morris, Felicia F. Norwood, Charles H. Noski, Richard B. Payne, Jr., Juan A. Pujadas, Ronald L. Sargent, and Suzanne M. Vautrinot (collectively, the "**Director Defendants**" and, together with Wells Fargo, "**Defendants**"). Lead Plaintiffs and Defendants are collectively referred to as the "**Settling Parties**."

This Stipulation and resulting Settlement are intended by the Settling Parties to fully, finally, and forever compromise, resolve, discharge, release, and settle the Released Claims (as defined herein), upon the terms and subject to the conditions set forth herein.

## I.     DEFINITIONS

As used in this Stipulation, in addition to the capitalized terms defined above, the following terms have the meanings specified below:

(a)     "**Board**" means Wells Fargo's current Board of Directors.

(b)     "**Current Wells Fargo Shareholders**" means any Person who owned Wells Fargo common stock as of the date of the execution of this Stipulation (which shall be defined by the date of the last signature on the Stipulation) and who continues to hold such Wells Fargo common stock as of the date of the Settlement Hearing, excluding the Director Defendants, the current officers and directors of Wells Fargo, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which the Director Defendants have or had a controlling interest.

(c)     "**Effective Date**" means the date by which all of the events and conditions specified in Paragraph 6.1 herein have been met and have occurred.

(d)     "**Fee and Expense Award**" means any fee and expense award issued by the Court.

(e)     "**Final**" means the time when a Judgment that has not been reversed, vacated, or modified in any way is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process (including potential writ proceedings) or because of passage, without action, of time for seeking appellate or writ review.  More specifically, it is that situation when (i) no appeal or petition for review by writ has been filed and the time has passed for any notice of appeal or writ petition to be timely filed from the Judgment; or (ii) if an appeal has been filed, the Court of Appeals has either affirmed the Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (iii) a higher court has granted further appellate review and that court has either affirmed the underlying Judgment or affirmed the Court of Appeals' decision affirming the Judgment or dismissing the appeal or writ proceeding, and the time for any reconsideration or further appellate review has passed.  An "appeal" shall not include any appeal challenging the Fee and Expense Award or any Service Award.  Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any Fee and Expense Award or any Service Award, shall not in any way delay or preclude the Judgment from becoming Final.  Any reference to the "Finality" of the Settlement shall incorporate the definition of Final in this paragraph.

(f)     "**Insurance Agreement**" means the agreement by and among (i) Wells Fargo, (ii) the Director Defendants, and (iii) the Insurer, confirming the Insurer's agreement to pay the Monetary Consideration and the Director Defendants' releases of certain insurance claims.

(g)     "**Insurer**" means the insurance company that is a party to the Insurance Agreement and who issued certain directors and officers liability ("**D&O**") insurance for the benefit of certain current and former officers and directors of Wells Fargo (the "**D&O Policy**").

(h)     "**Judgment**" means the final order and judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit D.

(i)    "**Litigation**" or "**Action**" means *In re Wells Fargo & Company Hiring Practices Derivative Litigation*, Case No. 3:22-cv-05173-TLT (N.D. Cal.).

(j)    "**Monetary Consideration**" means the payment of $10 million by the Insurer to Wells Fargo as settlement consideration in connection with the Settlement set out in this Stipulation.

(k)    "**Notice**" means the Notice of Pendency and Proposed Settlement of Derivative Actions, substantially in the form of Exhibit B attached hereto.

(l)    "**Person**" or "**Persons**" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, or any business or legal entity, and each of their spouses, heirs, predecessors, successors, representatives, or assignees.

(m)    "**Plaintiffs' Lead Counsel**" means Co-Lead Counsel Cotchett, Pitre & McCarthy, LLP, Bleichmar Fonti & Auld LLP, and Motley Rice LLC, and additional counsel, Bottini & Bottini, Inc.

(n)    "**Preliminary Approval Order**" means the order to be entered by the Court, substantially in the form of Exhibit A attached hereto, including, *inter alia*, preliminarily approving the terms and conditions of the Settlement, directing that Notice be provided to Current Wells Fargo Shareholders, and scheduling a Settlement Hearing to consider whether the Settlement and the Fee and Expense Award for Plaintiffs' Lead Counsel should be finally approved and whether the Judgment should be entered.

(o)    "**Related Persons**" means each of a Person's immediate family members and current, former, or future parents, subsidiaries, associates, affiliates, partners, joint venturers, officers, directors, principals, shareholders, members, agents, representatives, employees (including, but not limited to, employees of Wells Fargo), attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, trustees, insurers, co-insurers, reinsurers, spouses, heirs, assigns, executors, general or limited partners or partnerships, personal or legal representatives, estates, administrators, predecessors, successors, advisors, and/or

any other individual or entity in which a Person has or had a controlling interest or which is or was related to or affiliated with a Person.

(p)    "**Released Claims**" means, collectively, the Released Defendant Claims and the Released Shareholder Claims.

(q)    "**Released Defendant Claims**" means any and all claims, rights, demands, obligations, controversies, debts, damages, losses, causes of action, and liabilities of any kind or nature whatsoever, whether in law or equity, including both known claims and Unknown Claims, suspected or unsuspected, accrued or unaccrued, that Defendants have or could have asserted against the Released Shareholder Persons or their counsel, arising out of the institution, prosecution, or settlement of the claims asserted against Defendants in the Litigation that Defendants (i) asserted in the Litigation, or (ii) could have asserted in the Litigation, or in any other forum, that arise out of, relate to, or are based upon, any of the allegations, transactions, facts, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts or omissions, alleged or referred to in any of the complaints filed in the Litigation.  Released Defendant Claims shall not include (i) any claims relating to the enforcement of the Settlement or this Stipulation, (ii) any claims by Defendants relating to insurance coverage or the right to indemnification, or (iii) any claims that arise out of or are based upon any conduct of the Released Shareholder Persons after the Effective Date.

(r)    "**Released Defendant Persons**" means, collectively, each and all of the Director Defendants, Wells Fargo, and each and all of the Related Persons of each of the Director Defendants and Wells Fargo.

(s)    "**Released Persons**" means, collectively, the Released Defendant Persons and the Released Shareholder Persons. "**Released Person**" means, individually, any of the Released Persons.

(t)    "**Released Shareholder Claims**" means any and all claims, rights, demands, obligations, controversies, debts, disputes, damages, losses, actions, causes of action, sums of money due, judgments, suits, amounts, matters, issues, liabilities, and charges of any kind or nature whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), and claims for

relief of every nature and description whatsoever, whether in law or equity, including both known claims and Unknown Claims, suspected or unsuspected, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, matured or unmatured, foreseen or unforeseen, whether arising under federal or state statutory or common law, or any other law, rule, or regulation, whether foreign or domestic, that Wells Fargo, the Lead Plaintiffs derivatively on behalf of Wells Fargo, or any Wells Fargo shareholder derivatively on behalf of Wells Fargo (i) asserted in any of the complaints filed in the Litigation, or (ii) could have asserted in any court, tribunal, forum, or proceeding, under the laws of any jurisdiction, arising out of, relating to, or based upon the facts, allegations, events, disclosures, non-disclosures, occurrences, representations, statements, matters, transactions, conduct, actions, failures to act, omissions, or circumstances that were alleged in any of the complaints filed in the Litigation, regardless of the jurisdiction in which such facts, allegations, events, disclosures, non-disclosures, occurrences, representations, statements, matters, transactions, conduct, actions, failures to act, omissions, or circumstances were or could have been alleged or where such facts, allegations, events, disclosures, non-disclosures, occurrences, representations, statements, matters, transactions, conduct, actions, failures to act, omissions, or circumstances had impact. Released Shareholder Claims shall not include (i) the claims asserted in the pending actions, *In re Wells Fargo Mortgage Discrimination Litig.*, No. 3:22-cv-00990-JD (N.D. Cal.) ("**Mortgage Discrimination**"), and *SEB Inv. Mgmt. AB, et al. v. Wells Fargo & Co., et al.*, No. 3:22-cv-03811-TLT (N.D. Cal.) ("**SEB**"), (ii) any claims relating to the enforcement of the Settlement or this Stipulation, (iii) any claims that arise out of or are based upon any conduct of the Released Defendant Persons after the Effective Date, and (iv) any claims in connection with the D&O Policy that the Director Defendants or Wells Fargo may have against the Insurer, except as set forth in the Insurance Agreement.

(u)    "**Released Shareholder Persons**" means each and all of the Lead Plaintiffs and each and all of their Related Persons.

(v)    "**Service Award**" means any service award awarded to Lead Plaintiffs.

(w)    "**Settlement**" means the settlement documented in this Stipulation and its Exhibits A-D.

(x)    "**Settlement Consideration**" means the consideration set forth in Section V below.

(y)    "**Settlement Hearing**" means a hearing to be held by the Court upon duly given notice to review this Stipulation and its exhibits, as well as the application for the Fee and Expense Award and Service Award, and determine whether the Settlement should be finally approved, whether the Fee and Expense Award for Plaintiffs' Lead Counsel and Service Award for Lead Plaintiffs should be finally approved, and whether the Judgment should be entered.

(z)    "**Summary Notice**" means the Summary Notice of Pendency and Proposed Settlement of Derivative Actions, substantially in the form of Exhibit C attached hereto.

(aa)   "**Unknown Claims**" means any and all Released Claims that any of the Settling Parties or any of the Current Wells Fargo Shareholders does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, including claims which, if known by him, her, or it, might have affected his, her, or its decision to settle or the terms of his, her, or its settlement with and releases provided to the other Settling Parties, or might have affected his, her, or its decision not to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and, with respect to Released Shareholder Claims that could have been asserted derivatively on behalf of the Company, each of the Current Wells Fargo Shareholders by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code § 1542, or any other law of the United States or any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to Section 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Settling Parties and each of the Current Wells Fargo Shareholders may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist,

or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, but the Settling Parties and each of the Current Wells Fargo Shareholders shall expressly, fully, finally and forever settle and release, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims as applicable without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and each of the Current Wells Fargo Shareholders shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waivers were separately bargained for and are a key element of the Settlement of which this release is a part.

## II.    PROCEDURAL BACKGROUND

### A.    Overview of Litigation

On September 9, 2022, a Wells Fargo shareholder, Hugues Gervat, filed the first derivative lawsuit asserting claims against certain Wells Fargo officers and directors related to the Company's alleged discriminatory hiring practices. ECF No. 1. On September 26, 2022, Plaintiff Charles Rogers filed a second derivative action alleging breach of fiduciary duties related to discriminatory hiring and lending practices. See No. 3:22-cv-05473-TLT (N.D. Cal.) (ECF No. 1). On October 31, 2022, the Court consolidated the two actions as *In re Wells Fargo & Co. Hiring Practices Derivative Litig.*, No. 3:22-cv-05173-TLT and appointed their counsel as co-lead counsel. ECF No. 15. Plaintiffs Gervat and Rogers later filed an amended complaint. ECF No. 37.

On October 3, 2022, Plaintiff Isenberg[1] served a shareholder inspection demand on Wells Fargo, pursuant to California's and Delaware's inspection statutes and California common law, seeking production of its corporate books and records relating to the Director Defendants' role in Wells Fargo's hiring practices and stock repurchase program. On March 2, 2023, Plaintiff Isenberg filed a motion to intervene and stay the proceedings pending the completion of her investigation. ECF No. 38.

---

[1] Amy Isenberg was previously known as, and made prior filings as, Amy Cook.

On July 5, 2023, Plaintiff Pontiac filed its Verified Shareholder Derivative Complaint, *City of Pontiac Reestablished General Employees Retirement System v. Black et al.*, No. 3:23-cv-03366 (N.D. Cal.) (the "**Pontiac action**"), and motion to intervene in this Action. ECF No. 65.

On July 13, 2023, the Court granted Plaintiff Isenberg's motion to intervene, and by separate order agreed to reconsider its prior order appointing lead counsel, setting a new briefing schedule for the appointment of lead counsel. ECF Nos. 55, 68

On August 14, 2023, Plaintiff Isenberg filed a petition for writ of mandate in San Francisco Superior Court, *Cook v. Wells Fargo & Co.*, Case No. CPF-23-518272, to compel Wells Fargo to produce additional documents pursuant to her inspection demand (the "**State Court Action**").

On September 26, 2023, Plaintiff Isenberg filed her Verified Shareholder Derivative Complaint, *Cook v. Black, et al.*, No. 3:23-cv-04934 (N.D. Cal.) (the "**Cook action**").

On September 28, 2023 and October 12, 2023, the Court issued separate orders consolidating the *Pontiac* and *Cook* actions with the other actions in this Litigation. ECF Nos. 78, 93.

On October 23, 2023, Plaintiff Pontiac, along with Plaintiff Plantation, filed their Verified Amended Stockholder Derivative Complaint (the "Amended Complaint"). ECF No. 95. That same day, Plaintiffs Pontiac, Plantation and Isenberg filed motions seeking appointment of lead plaintiffs and lead counsel. ECF Nos. 99, 101.

On November 13, 2023, Wells Fargo demurred to Plaintiff Isenberg's writ petition in the State Court Action. On January 16, 2024, following briefing and oral argument, the San Francisco Superior Court issued an order sustaining Wells Fargo's demurrer as to Plaintiff Isenberg's inspection rights under Delaware law and overruling Wells Fargo's demurrer as to her inspection rights under California law.

On February 12, 2024, the Court appointed Plaintiffs Isenberg, Plantation and Pontiac as Lead Plaintiffs and the law firms Cotchett, Pitre & McCarthy LLP ("**CPM**"), Bleichmar Fonti & Auld LLP ("**BFA**") and Motley Rice LLC ("**MR**") as Plaintiffs' Lead Counsel. ECF No. 125.

On May 10, 2024, Lead Plaintiffs filed their Consolidated Amended Complaint (ECF No. 147), alleging claims for breach of fiduciary duty, violation of Section 14(a) of the Securities

Act of 1934, violation of Section 10(b) of the Exchange Act, and violation of Section 20(a) of the Exchange Act.

On June 11, 2024, Wells Fargo, and Scott Powell, Michael Santomassimo, Carly Sanchez, Kleber Santos and Johnathan Weiss (the "**Officer Defendants**") filed motions to dismiss the Consolidated Amended Complaint.  ECF Nos. 152, 153.  The Director Defendants filed joinders with respect to Wells Fargo's motion to dismiss.  ECF Nos. 154, 155.

On September 20, 2024, the Court issued an Order granting-in-part and denying-in-part the motions to dismiss the Consolidated Amended Complaint, with leave to amend.  ECF No. 176.  The Court granted the motion to dismiss Lead Plaintiffs' claim for breach of fiduciary duty as to discriminatory hiring practices, Section 14(a) claim as to discriminatory hiring and lending practices, and Section 10(b) and Section 20(a) claims as to discriminatory lending practices.  The Court denied the motions to dismiss Lead Plaintiffs' claim for breach of fiduciary duty as to discriminatory lending practices and Section 10(b) and Section 20(a) claims as to discriminatory hiring practices.  The Court granted leave to amend Lead Plaintiffs' demand futility allegations for claims against the Officer Defendants.  *Id.*

On October 3, 2024, Lead Plaintiffs filed a Second Amended Consolidated Complaint, which dismissed Michael Santomassimo and Jonathan Weiss.  ECF No. 177.

On October 17, 2024, the remaining Officer Defendants filed a motion to dismiss the Second Amended Consolidated Complaint.  ECF No. 178.

On November 1, 2024, the Court issued a revised Case Management and Scheduling Order, setting new deadlines for discovery, dispositive motions, mediation and trial.  ECF No. 192.  Trial was set for April 27, 2026.  *Id.*

On January 16, 2025, the Court issued an Order granting the motion to dismiss for failure to plead demand futility on the claims against the Officer Defendants.  ECF No. 198.

The Settling Parties engaged in significant fact discovery, including requests for and production of documents, interrogatories, and depositions of party and third party witnesses.  The Settling Parties also engaged in substantial motion practice before Magistrate Judge Sallie Kim to resolve discovery disputes.  In August 2025, the Settling Parties exchanged opening expert reports.

### B.    The Mediation and Extensive Settlement Negotiations

In August 2025, the Settling Parties engaged in mediation discussions. These discussions commenced after completion of shareholder inspection demands, resolution of motions relating to the pleadings and discovery matters, substantial factual discovery, both in this case and in the parallel *Mortgage Discrimination* and *SEB* actions, and expert disclosures, including the exchange of expert reports addressing Wells Fargo's lending practices, corporate governance, and damages, amongst other subject matters.

After exchanging detailed mediation briefs, the Settling Parties engaged the Honorable Layn R. Phillips (Ret.) ("**Judge Phillips**"), formerly the Chief Judge of the United States District Court for the Western District of Oklahoma, to serve as mediator. The Settling Parties held a full-day, in-person mediation session in New York, New York on August 21, 2025, which included participation by Lead Plaintiffs, Plaintiffs' Lead Counsel, Defendants' Counsel, and representatives from Wells Fargo and its insurers. While the mediation did not result in a settlement, the Settling Parties continued to engage in further discussions of the merits of Lead Plaintiffs' claims and the Settling Parties' proposals for corporate reforms with the assistance of Judge Phillips. Following extensive negotiations, the Settling Parties reached agreement, memorialized in a term sheet, to all substantive terms of the settlement, including the Borrower Programs (defined below).

After agreeing to all substantive terms of the proposed settlement, Judge Phillips facilitated negotiations between the Settling Parties concerning the amount of any Fee and Expense Award and Service Award. On October 7, 2025, the Settling Parties reached agreement on the Fee and Expense Award and Service Award, subject to Court approval.

The Settling Parties' agreement to settle the Litigation, and the agreement on the Fee and Expense Award and Service Award, are set forth in this Stipulation. The Board has also reviewed the terms and conditions in this Settlement and believes that the Settlement is in the best interests of the Company and its shareholders.

## III.    SHAREHOLDERS' CLAIMS AND THE BENEFITS OF SETTLEMENT

As discussed above, this Settlement was reached after substantial litigation, including shareholder inspection demands, investigation and preparation of the complaints, motions to

dismiss, substantial discovery (including discovery motions), expert discovery, and preparation for summary judgment motions and trial.  As a result, Lead Plaintiffs' Counsel have reviewed and analyzed data from many sources to assess the strengths and weaknesses of their claims, including (1) confidential, non-public internal documents responsive to shareholder inspection demands; (2) Wells Fargo's public filings with the SEC, press releases, announcements, transcripts of investor conference calls, and news articles; (3) securities analyst, business, and financial media reports about Wells Fargo; (4) internal documents produced by Wells Fargo and the Director Defendants in discovery; (5) deposition transcripts and exhibits in this action; and (6) documents, deposition transcripts and exhibits in the *Mortgage Discrimination* and *SEB* actions.  Lead Plaintiffs' Counsel also (1) researched the applicable law with respect to the claims asserted (or which could be asserted) in the shareholder derivative actions and the potential defenses thereto; (2) consulted with experts retained on numerous matters relevant to the pending litigation and settlement issues; (3) prepared detailed mediation statements; (4) reviewed documents and information provided in advance of the mediation sessions and during settlement negotiations; (5) participated in an in-person mediation; and (6) engaged in subsequent settlement discussions with Defendants' Counsel.

Lead Plaintiffs' Counsel believe that the claims asserted in the Litigation have merit and that their investigation of the evidence supports the claims asserted.  Without conceding the merit of any of the Defendants' defenses, and in light of the benefits of the Settlement as well as to avoid the potentially protracted time, expense, and uncertainty associated with continued litigation, including potential trial(s) and appeal(s), Lead Plaintiffs and Lead Plaintiffs' Counsel have concluded that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  Lead Plaintiffs and Lead Plaintiffs' Counsel recognize the significant risk, expense, and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial(s) and through possible appeal(s).  Lead Plaintiffs' Counsel have also taken into account the uncertain outcome and the risk of any litigation, especially complex litigation such as the Litigation, the difficulties and delays inherent in such litigation, the cost to Wells Fargo—on behalf of which Lead Plaintiffs filed the Litigation—and distraction to management of Wells Fargo that would result from extended litigation.  Based on their evaluation,

and in light of what Lead Plaintiffs' Counsel believe to be the significant benefits conferred upon Wells Fargo as a result of the Settlement, Lead Plaintiffs and Lead Plaintiffs' Counsel have determined that the Settlement is in the best interests of Lead Plaintiffs and Wells Fargo and have agreed to settle the Litigation upon the terms and subject to the conditions set forth herein.

## IV.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants deny Lead Plaintiffs' allegations and claims in the Litigation and any wrongdoing or liability whatsoever.  Defendants are entering into this Stipulation for settlement purposes only and solely to avoid the cost, disruption, and uncertainty of further litigation. Defendants agree that the Litigation was filed in good faith and with an adequate basis in fact, was not frivolous, and is being settled voluntarily.  Defendants have determined that it is desirable and beneficial that the Litigation and all of the Settling Parties' disputes related thereto, be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  Pursuant to the terms set forth below, this Stipulation (including all of the Exhibits hereto) shall in no event be construed as or deemed to be evidence of an admission or concession by the Defendants with respect to any claim of fault, liability, wrongdoing, or damage whatsoever.

## V.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the Lead Plaintiffs (for themselves and derivatively on behalf of Wells Fargo), the Director Defendants, and Wells Fargo, each by and through their respective attorneys of record, that in exchange for the consideration set forth below and the benefits flowing to the Settling Parties from the Settlement, and subject to the approval of the Court, the Litigation and the Released Claims shall be fully, finally, and forever compromised, settled, discharged, relinquished, and released, and the Litigation shall be dismissed with prejudice as to all Defendants and claims, with full preclusive effect, as to all Released Persons, upon and subject to the terms and conditions of the Stipulation, as set forth below.

### 1.    Settlement Consideration

1.1    In consideration of the full settlement, satisfaction, compromise, and release of the Released Claims, and subject to the terms and conditions of this Stipulation, the Settling

-13-

Parties have agreed to the following Settlement Consideration.

        1.2   <u>Borrower Programs</u>:  Within ninety (90) calendar days after the Effective Date, Wells Fargo shall fund $100 million in mortgage assistance to benefit low- and moderate-income borrowers and borrowers in low- and moderate-income census tracts (downpayment and closing cost assistance) in certain geographic regions in the United States ("**Borrower Programs**"). The Borrower Programs will remain in existence for a minimum of three (3) years after final approval of the Settlement, and the entire $100 million will be used to provide mortgage assistance to low- and moderate-income borrowers or borrowers currently residing in or purchasing property in low- and moderate-income census tracts, in the geographic areas set forth in Appendix A.  Wells Fargo reserves the right to modify the Borrower Programs to comply with any applicable laws, rules, and regulations; regulatory guidance; and executive orders; and to modify the geographic areas to maximize the effectiveness of the Borrower Programs.

        1.3   <u>Monetary Consideration</u>:  The Monetary Consideration of $10 million shall be paid by the Insurer on behalf of the Director Defendants to Wells Fargo.  The Insurer shall cause the Monetary Consideration to be paid to Wells Fargo within thirty (30) calendar days of the Effective Date.

**2.      Procedure for Implementing the Settlement**

        2.1   Following the last party's execution of this Stipulation, Plaintiffs' Lead Counsel shall submit the Stipulation together with its exhibits to the Court and file a motion for preliminary approval of settlement, requesting, *inter alia*: (i) preliminary approval of the Settlement and entry of the Preliminary Approval Order substantially in the form attached as Exhibit A hereto; (ii) approval of the form, content, and method of providing notice to Current Wells Fargo Shareholders and approval of the forms of Notice and Summary Notice attached as Exhibits B and C hereto; and (iii) a date for the Settlement Hearing.

        2.2   Within fourteen (14) calendar days of the Court's entry of the Preliminary Approval Order, Wells Fargo shall: (i) file a Form 8-K with the U.S. Securities and Exchange Commission which shall include the Notice as an attachment, (ii) cause the Summary Notice to be published through *Investor's Business Daily*, and (iii) cause the Notice and Stipulation,

substantially in the form of Exhibit B hereto, to be made electronically available on the "Investor Relations" page of the Company's website, the address of which shall be contained in the Notice and Summary Notice.  Plaintiffs' Lead Counsel will also post the Notice (Exhibit B) on their respective firms' websites.  At least seven (7) calendar days prior to the Settlement Hearing, Wells Fargo's counsel shall file with the Court an appropriate affidavit or declaration with respect to filing of the Form 8-K, publication of the Summary Notice, and posting of the Notice and Stipulation; and Plaintiffs' Lead Counsel shall file with the Court an appropriate affidavit or declaration with respect to the posting of the Notice.

2.3    The Settling Parties believe the content and manner of the Notice, as set forth in the prior paragraph, constitutes adequate and reasonable notice to Current Wells Fargo Shareholders pursuant to applicable law and due process.

2.4    The Settling Parties agree to request that the Court hold a hearing in the Litigation sixty (60) days after Notice is given (*i.e.*, approximately seventy-four (74) days after preliminary approval of the Settlement), at which time the Court will consider and determine whether the Judgment, substantially in the form of Exhibit D hereto, should be entered: (i) approving the terms of the Settlement as fair, reasonable, and adequate; (ii) dismissing with prejudice the Litigation pursuant to the terms of this Stipulation against Defendants; and (iii) ruling upon Plaintiffs' Lead Counsel's application for a Fee and Expense Award and Lead Plaintiffs' application for a Service Award.

2.5    Pending the Effective Date, the Settling Parties agree that all proceedings and discovery in the Litigation shall be stayed (except as otherwise provided herein and the proceedings necessary to effectuate the consummation and final approval of the Settlement) and not to initiate any other proceedings other than those related to the Settlement itself.  The Settling Parties shall not file, prosecute, instigate, or in any way participate in the commencement or prosecution of any of the Released Claims.

**3.    Dismissal of the Litigation**

3.1    Within fifteen (15) days after the Court grants final approval of the Settlement, the Lead Plaintiffs shall take, or cause to be taken, all actions, and to do, or cause to be

done, all things necessary, proper, and appropriate to secure dismissal with prejudice of the Litigation and the State Court Action in their entirety as to all parties, and shall provide reasonable documentary assistance to Defendants as requested to assist Defendants' efforts to obtain dismissal of any shareholder derivative actions not listed above as part of the Litigation that may be filed in any state or federal court asserting claims that are related to the subject matter of the Litigation.  In the interim, the Settling Parties shall cooperate to, at a minimum, secure a postponement of any response deadline, hearing or trial date(s) in the Litigation while this Settlement is under consideration by the Court.

### 4.    Fee and Expense Award and Service Award

4.1    Defendants agree that the Settlement confers substantial benefits on Wells Fargo and its shareholders, including, but not limited to, by way of the Settlement Consideration set forth herein. Defendants also agree that Lead Plaintiffs' Counsel are entitled to awards of reasonable attorneys' fees and expenses, and Lead Plaintiffs are entitled to service awards, for their respective roles in creating the benefits of the Settlement.

4.2    In light of benefits produced for Wells Fargo by the Lead Plaintiffs and the Lead Plaintiffs' Counsel in connection with the Settlement and the litigation leading up to it, Wells Fargo agrees to pay, and Lead Plaintiffs' Counsel intends to seek approval of, a Fee and Expense Award from the Court up to $27,500,000.  The Fee and Expense Award is separate from and in addition to the $100 million spend amount for the Borrower Programs and $10 million payment to Wells Fargo.  The Fee and Expense Award, which includes litigation expenses and the Service Award to the Lead Plaintiffs, was negotiated with the assistance of the mediator, the Honorable Layn R. Phillips (Ret.).

4.3    The amount of any Fee and Expense Award in the Litigation shall be subject to approval by the Court.  Any changes by any court to the negotiated amount of the Fee and Expense Award will not otherwise affect the Finality of the Settlement.

4.4    Any Fee and Expense Award awarded by the Court shall be paid into a joint-signature escrow account maintained by Plaintiffs' Lead Counsel within ten (10) business days of the entry of an order by the Court granting final approval of the Settlement and Court approval of

the Fee and Expense Award, notwithstanding the existence of any collateral attacks on the Settlement, including, without limitation, any objections or appeals.

4.5     The Fee and Expense Award is subject to the Lead Plaintiffs' Counsel's joint and several obligation to make appropriate refunds or repayments to Wells Fargo if and when as a result of any appeal and/or further proceedings on remand, or successful collateral attack, approval of the Settlement is denied or overturned or the Fee and Expense Award is reduced or reversed and such order denying or overturning the Settlement or reducing or reversing the Fee and Expense Award becomes Final.  In such event, each of the Lead Plaintiffs' Counsel who received any portion of such Fee and Expense Award shall, within thirty (30) business days from the event which requires repayment of that Fee and Expense Award, repay to Wells Fargo such portion of the Fee and Expense Award paid to or received by each of them.

4.6     Plaintiffs' Lead Counsel may apply to the Court for a Service Award in a reasonable amount for each of the Lead Plaintiffs in the Litigation, to be paid upon Court approval, in recognition of their participation and efforts in the creation of the benefits of the Settlement.  The Service Award, if approved by the Court, shall be paid to the Lead Plaintiffs out of the joint-signature escrow account maintained by Plaintiffs' Lead Counsel.  Wells Fargo and the Director Defendants shall not be separately liable for any portions of any Service Award.

4.7     Except as otherwise provided herein or except as provided pursuant to indemnification or insurance rights, each of the Settling Parties shall bear his, her, or its own costs, expenses, and attorneys' fees.

4.8     The Court's decision granting, in whole or in part, the application by Plaintiffs' Lead Counsel for a Fee and Expense Award and Service Award is not a condition of the Stipulation or to entry of the Judgment.  The request by Lead Plaintiffs' Counsel for a Fee and Expense Award and Service Award is to be considered by the Court separately from the Court's consideration of the question whether the Settlement is fair, reasonable, adequate, and in the best interests of Wells Fargo and its shareholders.  Any orders or proceedings relating to any request for a Fee and Expense Award or Service Award, or any appeal from any order or proceedings relating thereto, shall not affect the validity or Finality of the Settlement, operate to terminate or cancel the

Stipulation, and/or affect or delay either the Effective Date or the Finality of the Judgment approving the Settlement.

**5.    Releases**

5.1    Upon the Effective Date, the Lead Plaintiffs (acting on their own behalf and derivatively on behalf of Wells Fargo), Wells Fargo, and any Person acting derivatively on behalf of Wells Fargo shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, discharged and dismissed with prejudice the Released Shareholder Claims (including Unknown Claims) against the Released Defendant Persons, regardless of the jurisdiction in which such claims were or could have been alleged or where the claims had impact.

5.2    Upon the Effective Date, the Lead Plaintiffs (acting on their own behalf and derivatively on behalf of Wells Fargo), Wells Fargo, and any Person acting derivatively on behalf of Wells Fargo, shall be forever barred and enjoined from asserting, commencing, instituting, or prosecuting any of the Released Shareholder Claims (including Unknown Claims) against any Released Defendant Persons, regardless of the jurisdiction in which such claims were or could have been alleged or where the claims had impact.

5.3    Upon the Effective Date, each of the Director Defendants and Wells Fargo shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Defendant Claims (including Unknown Claims) against the Released Shareholder Persons, and shall be forever barred and enjoined from asserting any Released Defendant Claims against any Released Shareholder Persons.

5.4    Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

**6.    Conditions of Settlement**

6.1    The Effective Date of the Settlement shall be the date on which all of the following events have occurred:

a.    approval of the Settlement at or after the Settlement Hearing following notice to Current Wells Fargo Shareholders as set forth in Paragraph 2.2;

b.  entry of the Judgment, in all material respects in the form set forth as Exhibit D annexed hereto, approving the Settlement without awarding costs to any party, except as provided herein, dismissing with prejudice the Action pursuant to the terms of this Stipulation, and releasing the Released Persons from the Released Claims;

c.  the passing of the date upon which the Judgment becomes Final; and

d.  the passing of the date upon which the dismissal order becomes Final.

6.2  If any of the conditions specified above in Paragraph 6.1 is not met, then the Stipulation shall be cancelled and terminated, unless all of the Settling Parties agree in writing to proceed with the Stipulation.  If for any reason the Effective Date of this Stipulation does not occur, or if this Stipulation is in any way canceled, terminated, or fails to become Final in accordance with its terms: (i) all Settling Parties and Released Persons shall be restored to their respective positions prior to execution of this Stipulation; (ii) all releases delivered in connection with the Stipulation shall be null and void, except as otherwise provided for in the Stipulation; (iii) the Fee and Expense Award and Service Award shall not be paid or, if already paid, shall be refunded in accordance with Paragraph 4.5; and (iv) all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by any of the Settling Parties of any act, matter, or proposition, and shall not be used or referred to in any manner for any purpose (other than to enforce the terms remaining in effect) in any subsequent proceeding or in any other action or proceeding.  In such event, the terms and provisions of this Stipulation (other than those set forth in Section I, and Paragraphs 6.2, 7.7, and 7.9) shall have no further force and effect with respect to the Settling Parties and shall not be used in any proceeding for any purpose.

6.3  No court order, modification, or reversal on appeal of any court order concerning any Fee and Expense Award or Service Award shall constitute grounds for cancellation or termination of the Stipulation, affect the enforceability of the Stipulation, or delay or preclude the Judgment from becoming Final.

### 7.    Miscellaneous Provisions

7.1    The Settling Parties (i) acknowledge that it is their intent to consummate the Settlement; and (ii) agree to act in good faith and cooperate to take all reasonable and necessary steps to expeditiously implement the terms and conditions of the Settlement set forth in this Stipulation.

7.2    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them arising out of, based upon, or related to the Litigation and the Released Claims.  The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim, allegation, or defense.  The Settling Parties and their respective undersigned counsel agree that at all times during the course of the litigation, each has complied with the requirements of the applicable laws and rules of the Court. The Settling Parties agree that the Released Claims are being settled voluntarily after consultation with experienced mediators and competent legal counsel who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

7.3    The Settling Parties agree that the terms of the Settlement were negotiated in good faith by the Settling Parties.  The Settling Parties will request that the Judgment contain a finding that during the course of the Litigation, the Settling Parties and their respective undersigned counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and all other similar rules of professional conduct.  The Settling Parties reserve their right to rebut, in a manner that the parties determine to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

7.4    In the event that any other disputes arise, prior to the time that Judgment is entered by the Court, that are related to the terms of this Stipulation, any of its exhibits, or the Settlement more generally, or the presentation of the Settlement to the Court for approval, such disputes will be resolved by Judge Phillips, first by way of mediation, and, if unsuccessful, then by way of final, binding, non-appealable arbitration.

7.5    Each of the Director Defendants expressly denies and continues to deny all allegations of wrongdoing or liability against himself or herself arising out of or relating to any

conduct, statements, acts, or omissions alleged, or which could have been alleged, in the Litigation. Each of the Director Defendants reserves the right to rebut any and all allegations of breach of fiduciary duty, wrongdoing, or liability, whatsoever, against himself or herself or that any valid claim has been asserted against any of them.

7.6    The Settling Parties in the Litigation agree to take such measures as may be needed to secure dismissals with prejudice of any remaining litigations pending in other jurisdictions.  With respect to any action other than the Litigation that is currently pending or is later filed in any state, federal, or other court in any jurisdiction asserting any Released Shareholder Claims prior to final Court approval of the Settlement, the Lead Plaintiffs shall provide supporting documentation as is reasonably requested by Defendants in order to obtain the dismissal, stay, or withdrawal of such related litigation, including, where appropriate, joining in any motion to dismiss or stay such litigation.

7.7    Neither the Stipulation (including any exhibits attached hereto),  nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered, or used or referred to in any way by the Settling Parties as a presumption, a concession, an admission, or evidence of any fault, wrongdoing, or liability of any of the Settling Parties or of the validity of any Released Claims; or (ii) is or may be deemed to be or may be used as a presumption, concession, admission, or evidence of any liability, fault, or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Neither this Stipulation, nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Persons may file the Stipulation and/or the Judgment in any action or proceeding that may be brought against them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

7.8     Lead Plaintiffs' Counsel will return within sixty (60) days of the Effective Date all documents and other materials they received in connection with the Litigation (including, but not limited to, documents Wells Fargo produced in connection with discovery, the mediation, or shareholder inspection demands) (collectively "Discovery Material"), or destroy all such Discovery Material and certify to that fact; provided, however that Lead Plaintiffs' Counsel shall be entitled to retain all filings, court papers, interview and hearing transcripts, and attorney-work product containing or reflecting Discovery Material, subject to the requirement that Lead Plaintiffs' Counsel shall not disclose any information contained or referenced in the Discovery Material to any person except, following reasonable advance notice to Wells Fargo, pursuant to a validly issued subpoena not subject to a motion to quash, court order, or agreement with Wells Fargo.

7.9     All designations and agreements made and orders entered during the course of the Litigation relating to the confidentiality of documents or information shall survive this Settlement. Nothing in this Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, the attorney-client privilege, the joint defense privilege, or work product protection.

7.10    The Stipulation and the exhibits attached hereto constitute the entire agreement among the Settling Parties with respect to the Settlement, and supersede any and all prior negotiations, discussions, agreements, or undertakings, whether oral or written, with respect to such matters.  The Settling Parties expressly acknowledge that, in entering into this Stipulation, they are not relying upon any statements, representations, or warranties by any Settling Party except as expressly set forth herein.  The Lead Plaintiffs and Wells Fargo agree that they intend to confer on all Released Defendant Persons the benefit of all releases and other protections set forth in Paragraphs 5.1-5.2 above.  Defendants agree that they intend to confer on all Released Shareholder Persons the benefit of all releases and other protections set forth in Paragraph 5.3 above.  The Settling Parties agree that each of the Released Persons who is not a Settling Party is an express third-party beneficiary of those releases and other protections, and is entitled to enforce the terms of those releases and other protections to the same extent as the Settling Parties could enforce such terms.  All provisions in the Stipulation providing that nothing herein shall in any way impair or

restrict the rights of any Settling Party to enforce the terms of this Stipulation are agreed to mean additionally that nothing herein shall in any way impair or restrict the rights of any Released Person who is not a Settling Party to enforce the terms of the Stipulation.

7.11    This Stipulation supersedes and replaces any prior or contemporaneous writing, statement, or understanding pertaining to the Litigation, and no parol or other evidence may be offered to explain, construe, contradict, or clarify its terms, the intent of the Settling Parties or their counsel, or the circumstances under which the Stipulation was made or executed.

7.12    It is understood by the Settling Parties that except for matters expressly represented herein, the facts or law with respect to which this Stipulation is entered into may turn out to be other than, or different from, the facts now known to each party or believed by such party to be true; each party therefore expressly assumes the risk of facts or law turning out to be different and agrees that this Stipulation shall be in all respects effective and not subject to termination by reason of any such different facts or law.

7.13    The exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by reference.

7.14    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

7.15    Except as otherwise provided herein, the Stipulation may be amended or modified only by a written instrument signed by or on behalf of all the Settling Parties or their respective successors-in-interest.

7.16    This Stipulation shall be deemed drafted equally by all parties hereto.

7.17    The Stipulation and the Settlement shall be binding upon, and inure to the benefit of, the Settling Parties and the Released Persons and their respective successors, assigns, heirs, spouses, marital communities, executors, administrators, trustees in bankruptcy, and legal representatives.

7.18    The Stipulation and the exhibits attached hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the Settling Parties to the Stipulation shall be construed and enforced in

accordance with, and governed by, the internal, substantive laws of California without giving effect to that State's choice-of-law principles.

7.19    No representations, warranties, or inducements have been made to any of the Settling Parties concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

7.20    Lead Plaintiffs represent and warrant that they have not assigned or transferred or attempted to assign or transfer, to any Person any Released Claim or any portion thereof or interest therein.

7.21    Any failure by any party to this Stipulation to insist upon the strict performance by any other party of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by such other party.

7.22    In the event that any portion of the Settlement is found to be unlawful, void, unconscionable, or against public policy by a court of competent jurisdiction, the remaining terms and conditions of the Settlement shall remain intact.

7.23    In the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibits hereto, the terms of this Stipulation shall prevail.

7.24    Each counsel or other Person executing the Stipulation or its exhibits on behalf of any of the Settling Parties hereby warrants that such Person has the full authority to do so.

7.25    The Stipulation may be executed in one or more counterparts, each of which so executed shall be deemed to be an original and such counterparts together constitute one and the same Stipulation.  The Settling Parties agree that signatures submitted through facsimile or by e-mailing .PDF files or signed using DocuSign shall constitute original and valid signatures.  A complete set of executed counterparts shall be filed with the Court.

7.26    The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Stipulation, and the Settling Parties and their undersigned

counsel submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

7.27    Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

IN WITNESS WHEREOF, the Settling Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys.

[SIGNATURE PAGE FOLLOWS]

JOINT STIPULATION AND AGREEMENT OF SETTLEMENT                LEAD CASE NO. 3:22-CV-05173-TLT

Dated:  October 13, 2025

COTCHETT, PITRE & McCARTHY LLP

Mark C. Molumphy (SBN 168009)
Tyson Redenbarger (SBN 294424)
Elle D. Lewis (SBN 238329)
Gia Jung (SBN 340160)
840 Malcolm Road Burlingame, CA 94010
Telephone:  (650) 697-6000
molumphy@cpmlegal.com
tredenbarger@cpmlegal.com
elewis@cpmlegal.com
gjung@cpmlegal.com

MOTLEY RICE LLC

Marlon E. Kimpson (pro hac vice)
William S. Norton (*pro hac vice*)
Joshua C. Littlejohn (*pro hac vice*)
Vanessa A. Davis (*pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone:  (843) 216-9000
mkimpson@motleyrice.com
bnorton@motleyrice.com
jlittlejohn@motleyrice.com
vdavis@motleyrice.com

BLEICHMAR FONTI & AULD LLP

Lesley Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
1330 Broadway, Suite 630
Oakland, California 94612
Telephone:  (415) 445-4004
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

BLEICHMAR FONTI & AULD LLP
Nancy A. Kulesa (*pro hac vice*)
300 Park Avenue, Suite 1301
New York, NY 10022
Telephone: (212) 789-1343
nkulesa@bfalaw.com

1  Dated: October 13, 2025

COTCHETT, PITRE & McCARTHY LLP

Mark C. Molumphy (SBN 168009)
Tyson Redenbarger (SBN 294424)
Elle D. Lewis (SBN 238329)
Gia Jung (SBN 340160)
840 Malcolm Road Burlingame, CA 94010
Telephone:  (650) 697-6000
molumphy@cpmlegal.com
tredenbarger@cpmlegal.com
elewis@cpmlegal.com
gjung@cpmlegal.com

MOTLEY RICE LLC

Marlon E. Kimpson (pro hac vice)
William S. Norton (*pro hac vice*)
Joshua C. Littlejohn (*pro hac vice*)
Vanessa A. Davis (*pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone:  (843) 216-9000
mkimpson@motleyrice.com
bnorton@motleyrice.com
jlittlejohn@motleyrice.com
vdavis@motleyrice.com

BLEICHMAR FONTI & AULD LLP

Lesley Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
1330 Broadway, Suite 630
Oakland, California 94612
Telephone:  (415) 445-4004
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

BLEICHMAR FONTI & AULD LLP
Nancy A. Kulesa (*pro hac vice*)
300 Park Avenue, Suite 1301
New York, NY 10022
Telephone: (212) 789-1343
nkulesa@bfalaw.com

1

2     **BLEICHMAR FONTI & AULD LLP**
      Derrick B. Farrell (*pro hac vice*)
3     3411 Silverside Rd.
      Baynard Building, Ste. 104
4     Wilmington, DE 19810
      Telephone: (302) 499-2158
5     dfarrell@bfalaw.com

6     *Lead Counsel for Lead Plaintiffs*

7     **BOTTINI & BOTTINI, INC.**
      Francis A. Bottini, Jr. (SBN 175783)
8     Albert Y. Chang (SBN 296065)
      Anne B. Beste (SBN 326881
9     7817 Ivanhoe Avenue, Suite 102
      La Jolla, California 92037
10    Telephone: (858) 914-2001
      fbottini@bottinilaw.com
11    achang@bottinilaw.com
      abeste@bottinilaw.com
12
13    *Additional Counsel for Plaintiff Amy Isenberg*

14

15    Dated:  October 13, 2025     **SULLIVAN & CROMWELL LLP**

16

17    Brendan P. Cullen (SBN 194057)
      Sverker K. Hogberg (SBN 244640)
18    550 Hamilton Avenue
      Palo Alto, CA 94301
19    Telephone:  (650) 461-5600
      cullenb@sullcrom.com
20    hogbergs@sullcrom.com

21    **SULLIVAN & CROMWELL LLP**
22    Christopher M. Viapiano (*pro hac vice*)
      1700 New York Avenue N.W., Suite 700
23    Washington, D.C. 20006
      Telephone:  (202) 956-7500
24    viapianoc@sullcrom.com

25    **SULLIVAN & CROMWELL LLP**
26    Leonid Traps (*pro hac vice*)
      125 Broad Street
27    New York, NY 10004
      Telephone:  (212) 558-4000
28    trapsl@sullcrom.com

-27-

**SULLIVAN & CROMWELL LLP**
Rose G. Garber (SBN 339196)
1888 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 712-6600
garberr@sullcrom.com

*Counsel for Nominal Defendant Wells Fargo & Company*

**WILLKIE FARR & GALLAGHER LLP**

*Todd G. Cosenza*

Todd G. Cosenza (*pro hac vice*)
Charles Cording (*pro hac vice*)
Zeh S. Ekono (*pro hac vice*)
Patricia O. Haynes (*pro hac vice*)
John L. Brennan (*pro hac vice*)
Amanda M. Payne *(pro hac vice)*
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
tcosenza@willkie.com
ccording@willkie.com
zckono@willkie.com
phaynes@willkie.com
jbrennan@willkie.com
apayne@willkie.com

**WILLKIE FARR & GALLAGHER LLP**
Alexander L. Cheney (SBN 302157)
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 848-7400
acheney@willkie.com

*Counsel for Defendants Steven D. Black, Mark A. Chancy, Celeste A. Clark, Theodore F. Craver, Jr., Richard K. Davis, Wayne M. Hewett, Donald M. James, CeCelia G. Morken, Maria R. Morris, Felicia F. Norwood, Charles H. Noski, Richard B. Payne, Jr., Juan A. Pujadas, Ronald L. Sargent, and Suzanne M. Vautrinot*

-28-

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**



_____
Jennifer Kennedy Park (SBN 344888)
1841 Page Mill Rd., Suite 250
Palo Alto, CA 94304
Telephone:  (650) 815-4130
jkpark@cgsh.com

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
Victor L. Hou (*pro hac vice*)
Mark E. McDonald (*pro hac vice*)
One Liberty Plaza
New York, NY 10006
Telephone:  (212) 225-2000
vhou@cgsh.com
memcdonald@cgsh.com

*Counsel for Defendant Charles W. Scharf*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Mark C. Molumphy, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.     Executed this 13th day of October, 2025.

JOINT STIPULATION AND AGREEMENT OF SETTLEMENT                LEAD CASE NO. 3:22-CV-05173-TLT

### APPENDIX A

The Borrower Programs will be available in the following markets and metropolitan statistical areas:

1. Atlanta City-Hammonton, NJ Metro SA
2. Fort Worth-Arlington-Grapevine, TX Metro Division
3. Dallas-Plano-Irving, TX Metro Division
4. Nassau County-Suffolk County, NY Metro Division
5. New York-Jersey-City-White Plains, NY-NJ Metro Division
6. Newark, NJ Metro Division
7. Wilmington, DE-MD-NJ Metro Division
8. Vineland, NJ Metro SA
9. Anaheim-Santa Ana-Irvine, CA Metro Division
10. Denver-Aurora-Centennial, CO Metro SA
11. Los-Angeles-Long Beach-Glendale, CA Metro Division
12. San Diego-Chula Vista-Carlsbad, CA Metro SA
13. Oxnard-Thousand Oaks-Ventura, CA Metro SA
14. San Francisco-San Mateo-Redwood City, CA Metro Division
15. San Jose-Sunnyvale-Santa Clara, CA Metro SA
16. Oakland-Fremont-Berkeley, CA Metro Division
17. Austin-Round Rock-San Marcos, TX Metro SA
18. Arlington-Alexandria-Reston, VA-WV Metro Division
19. Atlanta-Sandy Springs-Roswell, GA Metro Division
20. Baltimore-Columbia-Towson, MD Metro SA
21. Camden, NJ Metro Division
22. Charlotte-Concord-Gastonia, NC-SC Metro SA
23. Lakewood-New Brunswick, NJ Metro Division
24. Marietta, GA Metro Division
25. Minneapolis-St. Paul-Bloomington, MN-WI-Metro SA

26. Montgomery County-Bucks County-Chester County, PA Metro Division

27. Philadelphia, PA Metro Division

28. Washington, DC-MD Metro Division

29. Allentown-Bethlehem-Easton, PA-NJ Metro SA (NJ counties only)

30. Trenton-Princeton, NJ Metro SA

31. Chicago-Naperville-Schaumburg, IL Metro Division

32. Miami-Miami Beach-Kendall, FL Metro Division

JOINT STIPULATION AND AGREEMENT OF SETTLEMENT                    LEAD CASE NO. 3:22-CV-05173-TLT

# EXHIBIT A

**Exhibit A**



1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

10
11
12

IN RE WELLS FARGO & COMPANY
HIRING PRACTICES DERIVATIVE
LITIGATION

This Document Relates To:

    ALL ACTIONS

Lead Case No. 3:22-cv-05173-TLT

**[PROPOSED] ORDER**
**PRELIMINARILY APPROVING**
**SETTLEMENT AND PROVIDING**
**FOR NOTICE**

The Honorable Trina L. Thompson

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    WHEREAS, a shareholder derivative litigation is pending in this Court entitled *In re Wells*

2    *Fargo & Company Hiring Practices Derivative Litigation*, Consolidated Case No. 3:22-cv-05173-

3    TLT (N.D. Cal.) (the "Action");

4    WHEREAS, (1) City of Plantation Police Officers' Retirement Fund, City of Pontiac

5    Reestablished General Employees Retirement System, and Amy Isenberg (collectively, the "Lead

6    Plaintiffs"); (2) Nominal Defendant Wells Fargo & Company ("Wells Fargo" or the "Company");

7    and (3) Charles W. Scharf, Steven D. Black, Mark A. Chancy, Celeste A. Clark, Theodore F. Craver,

8    Jr., Richard K. Davis, Wayne M. Hewett, Donald M. James, CeCelia G. Morken, Maria R. Morris,

9    Felicia F. Norwood, Charles H. Noski, Richard B. Payne, Jr., Juan A. Pujadas, Ronald L. Sargent,

10   and Suzanne M. Vautrinot (collectively, the "Director Defendants" and, together with Wells Fargo,

11   "Defendants," and, together with the Lead Plaintiffs, the "Settling Parties") have entered into a

12   Stipulation and Agreement of Settlement on October 13, 2025 ("Stipulation"), which provides for a

13   complete dismissal with prejudice of the claims asserted in the Action and the release of the Released

14   Claims on the terms and conditions set forth therein, subject to the approval of this Court

15   ("Settlement");

16   WHEREAS, in accordance with the Stipulation, the Lead Plaintiffs have made an application

17   for entry of an order preliminarily approving the Settlement and entry of this Preliminary Approval

18   Order; approving the form, content, and method of providing notice of the Settlement to Wells Fargo

19   shareholders; and scheduling the date and time for the Settlement Hearing, as defined herein;

20   WHEREAS, the Court conducted a hearing on _____ ("Preliminary Approval

21   Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement

22   are within the range of reasonableness that ultimately could be granted final approval by the Court,

23   and should therefore be preliminarily approved; (b) whether the form, content, and method of

24   providing notice of the Settlement to Wells Fargo shareholders should be approved; and (c) whether

25   a Settlement Hearing should be scheduled; and

26   WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and

27   proceedings held herein in connection with the Settlement, all oral and written comments received

28   regarding the Settlement, and the record in the Action, and good cause appearing therefor;

-2-

NOW THEREFORE, IT IS HEREBY ORDERED:

1.    **Definitions**: Unless otherwise defined in this Order, the capitalized terms used herein shall have the same meanings as they have in the Stipulation.

2.    **Preliminary Approval of the Settlement**: The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Settlement, as embodied in the Stipulation and the Exhibits attached thereto, including the terms and conditions for settlement of the Action.

3.    **Settlement Hearing**: The Court will hold a hearing ("Settlement Hearing") on _____, at _____, at the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 9, 19th Floor, 450 Golden Gate Ave., San Francisco, CA 94102, to: (a) determine whether the terms of the Settlement are fair, reasonable, and adequate, and in the best interests of Wells Fargo and Wells Fargo's shareholders; (b) determine whether a Judgment should be entered dismissing the Action with prejudice; (c) determine whether Plaintiffs' Lead Counsel's application for a Fee and Expense Award and Lead Plaintiffs' application for a Service Award should be granted; (d) hear and address any objections; and (e) consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Wells Fargo shareholders as set forth in Paragraph 5 of this Order.

4.    The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the Settling Parties may agree to without further notice to Wells Fargo shareholders. The Court may also extend any of the deadlines set forth in this Order without further notice to Wells Fargo shareholders.

5.    **Manner of Providing Notice**: Notice of the Settlement and the Settlement Hearing shall be given as follows:

(a)    Within fourteen (14) calendar days after the entry of this Order, Wells Fargo shall: (i) file a Form 8-K with the U.S. Securities and Exchange Commission, which shall include the Notice as an attachment, (ii) cause the Summary Notice, substantially in the form of Exhibit C to the Stipulation, to be published through *Investor's Business Daily*, and (iii) cause the Stipulation

-3-

and Notice, substantially in the form of Exhibit B to the Stipulation, to be made electronically available on the "Investor Relations" page of the Company's website.

(b)    Plaintiffs' Lead Counsel will also post the Notice, Stipulation and motions seeking final approval of the Settlement, approval of a Fee and Expense Award, and approval of a Service Award on their firms' respective websites.

(c)    At least seven (7) calendar days prior to the Settlement Hearing, Wells Fargo's counsel shall file with the Court an appropriate affidavit or declaration with respect to filing of the Form 8-K, publication of the Summary Notice, and posting of the Notice and Stipulation; and Plaintiffs' Lead Counsel shall file with the Court an appropriate affidavit or declaration with respect to the posting of the Notice, Stipulation, and motions for approval described above.

6.    **Approval of Form and Content of Notice:**  The Court approves, in form and content, the Notice, attached as Exhibit B to the Stipulation, and the Summary Notice, attached as Exhibit C to the Stipulation, and finds that the method of providing notice: (i) is the best notice reasonably calculated, under the circumstances, to apprise Wells Fargo shareholders of the pendency of the Action, of the effect of the proposed Settlement (including the releases to be provided thereunder), of the application for a Fee and Expense Award for Plaintiffs' Lead Counsel and a Service Award for Lead Plaintiffs, of their right to object to the Settlement and/or the applications for such Fee and Expense Award and Service Award, and of their right to appear at the Settlement Hearing; (ii) constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iii) satisfies the requirements of the United States Constitution (including the Due Process Clause) and all other applicable law and rules.

7.    **Appearance and Objections at Settlement Hearing**:  Any Wells Fargo shareholder who held Wells Fargo stock as of October 13, 2025 and continues to hold such shares of Wells Fargo common stock as of the date of the Settlement Hearing may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of the Court and delivering a notice of appearance to Plaintiffs' Lead Counsel and to Defendants' Counsel at the addresses set forth in Paragraph 8 below, such that it is received no later than ten (10) calendar days prior to the Settlement Hearing, or as the Court may otherwise

direct. Any current Wells Fargo shareholder who does not enter an appearance will be represented by Plaintiffs' Lead Counsel and shall be deemed to have waived and forfeited any and all rights he, she, or it may otherwise have to appear separately at the Settlement Hearing.

8. Any Wells Fargo shareholder who held Wells Fargo stock as of October 13, 2025 and continues to hold such shares as of the date of the Settlement Hearing ("Current Wells Fargo Shareholder") may file a written objection to the proposed Settlement, the Plaintiffs' Lead Counsel's application for a Fee and Expense Award, and/or Lead Plaintiffs' application for a Service Award, and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the application for a Fee and Expense Award, and/or the application for a Service Award should not be approved. All Current Wells Fargo Shareholders desiring to object are directed to file a written objection with the Clerk of the Court and serve (by hand, first-class mail, or express service) copies of such objection on Plaintiffs' Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than ten (10) calendar days prior to the Settlement Hearing.

| **Plaintiffs' Lead Counsel:** | **Defendants' Counsel:** |
|---|---|
| Cotchett, Pitre & McCarthy<br>Attn: Wells Fargo Settlement<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010 | Christopher M. Viapiano<br>Sullivan & Cromwell LLP<br>1700 New York Avenue N.W., Suite 7000<br>Washington D.C., 20006 |

9. Any objections, filings, and other submissions: (a) must state the name, address, and telephone number of the objector and, if represented by counsel, the name, address, and telephone number of his, her, or its counsel; (b) must be signed by the objector; (c) must contain a specific, written statement of the objection(s) and the specific reason(s) for the objection(s), including any legal and evidentiary support the objector wishes to bring to the Court's attention, and if the objector has indicated that he, she, or it intends to appear at the Settlement Hearing, the identity of any witnesses the objector may call to testify and any exhibits the objector intends to introduce into evidence at the hearing; and (d) must include documentation sufficient to prove that the objector owned shares of Wells Fargo common stock as of October 13, 2025 and a statement that the objector continues to hold such shares as of the date of filing of the objection and will continue to hold those shares as of the date of the Settlement Hearing. Documentation establishing ownership of Wells Fargo common stock must consist of copies of monthly brokerage account statements, or an

-5-

1    authorized statement from the objector's broker containing the information found in an account
2    statement.

3    10.    Any Current Wells Fargo Shareholder may also appear and object at the Settlement
4    Hearing with or without having submitted a written objection.

5    11.    Unless the Court orders otherwise, any Person who does not make his, her, or its
6    objection in the manner provided herein shall be: (a) deemed to have waived and forfeited his, her,
7    or its right to object to any aspect of the proposed Settlement, any application by Plaintiffs' Lead
8    Counsel for a Fee and Expense Award, or any application by Lead Plaintiffs for a Service Award;
9    (b) forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the
10    Settlement, the Judgment to be entered approving the Settlement, or the Fee and Expense Award or
11    Service Award requested and/or approved by the Court; and (c) deemed to have waived and forever
12    barred and foreclosed from being heard, in this or any other proceeding, with respect to any matters
13    concerning the Settlement, or such requested and/or approved Fee and Expense Award and/or
14    Service Award.

15    12.    **Stay and Temporary Injunction**: Until otherwise ordered by the Court, the Court
16    stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms
17    and conditions of the Stipulation.  Pending final determination of whether the Settlement should be
18    approved, the Court bars and enjoins the Lead Plaintiffs from asserting, commencing, instituting, or
19    prosecuting any of the Released Shareholder Claims against any of the Released Defendant Persons.

20    13.    **Notice Costs**: All costs of publishing and posting notice of the Settlement in
21    accordance with Paragraph 5 above (with the exception of the costs of posting notice to Plaintiffs'
22    Lead Counsel's firm websites, which will be borne by Plaintiffs' Lead Counsel) shall be paid by
23    Wells Fargo, regardless of whether the Court finally approves the Settlement, and in no event shall
24    the Lead Plaintiffs or their counsel be responsible for any such notice costs.

25    14.    **Termination of Settlement**: If the Settlement is terminated as provided in the
26    Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Order shall be
27    vacated, rendered null and void, and be of no further force and effect, except as otherwise provided
28    by the Stipulation, and this Order shall be without prejudice to the rights of the Lead Plaintiffs, all

other Wells Fargo shareholders, and Defendants, and all Settling Parties and Released Persons shall be restored to their respective positions prior to execution of the Stipulation, as provided in the Stipulation.

15. **Use of this Order**: Neither the Stipulation (including any exhibits attached thereto), nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered, or used or referred to in any way by the Settling Parties as a presumption, a concession, an admission, or evidence of any fault, wrongdoing, or liability of any of the Settling Parties or of the validity of any Released Claims; or (b) is or may be deemed to be or may be used as a presumption, concession, admission, or evidence of any liability, fault, or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Neither the Stipulation, nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Persons may file the Stipulation and/or the Judgment in any action or proceeding that may be brought against them to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. **Supporting Papers**: Opening papers in support of the proposed Settlement, the Plaintiffs' Lead Counsel's application for a Fee and Expense Award, and Lead Plaintiffs' application for a Service Award, shall be filed no later than twenty-eight (28) calendar days prior to the Settlement Hearing; any objections thereto shall be filed no later than ten (10) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

17. **Retention of Jurisdiction**: The Court retains jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of the Stipulation, and the Settling

Parties and their undersigned counsel submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

18.    **Entry of Judgment**: If the Settlement is approved by the Court following the Settlement Hearing, the Court shall enter Judgment, substantially in the form attached to the Stipulation as Exhibit D.  The Settlement shall not be conditioned upon the approval of the Fee and Expense Award or Service Award, either at all or in any particular amount, by the Court.

IT IS SO ORDERED.


Dated: _____          _____

HONORABLE TRINA L. THOMPSON
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT B

1

2

**Exhibit B**

3

4      **UNITED STATES DISTRICT COURT**

5      **NORTHERN DISTRICT OF CALIFORNIA**
       **SAN FRANCISCO DIVISION**

6

7

8      IN RE WELLS FARGO & COMPANY              Lead Case No. 3:22-cv-05173-TLT
       HIRING PRACTICES DERIVATIVE
       LITIGATION

9                                               The Honorable Trina L. Thompson

10     This Document Relates To:

11         ALL ACTIONS

12

13

14              **NOTICE OF PENDENCY AND PROPOSED SETTLEMENT**
                        **OF DERIVATIVE ACTION**
15              ***The United States District Court for the Northern District of***
                ***California, San Francisco Division, authorized this Notice.***
16                      ***This is not a solicitation from a lawyer.***

17          TO:   ALL PERSONS AND ENTITIES WHO HELD WELLS FARGO & COMPANY

18     COMMON STOCK AS OF OCTOBER 13, 2025 AND CONTINUE TO HOLD SUCH SHARES
       AS OF THE CLOSE OF TRADING ON [DATE OF SETTLEMENT HEARING]

19

20          **PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**  This Notice

       relates to a proposed settlement ("**Settlement**") of the following derivative action: *In re Wells Fargo*

21     *& Company Hiring Practices Derivative Litigation*, Case No. 3:22-cv-05173-TLT (N.D. Cal.) (the

       "**Action**" or the "**Litigation**").  Your rights will be affected by the proposed Settlement.

22

            All capitalized terms used in this Notice that are not otherwise defined herein have the

23     meanings provided in the Stipulation and Agreement of Settlement entered into on October 13, 2025

24     ("**Stipulation**"), by and among (1) Plaintiffs City of Plantation Police Officers' Retirement Fund,
       City of Pontiac Reestablished General Employees Retirement System, and Amy Isenberg

25     (collectively, the "**Lead Plaintiffs**"); (2) Nominal Defendant Wells Fargo & Company ("**Wells**
       **Fargo**" or the "**Company**"); and (3) Charles W. Scharf, Steven D. Black, Mark A. Chancy, Celeste

26     A. Clark, Theodore F. Craver, Jr., Richard K. Davis, Wayne M. Hewett, Donald M. James, CeCelia
       G. Morken, Maria R. Morris, Felicia F. Norwood, Charles H. Noski, Richard B. Payne, Jr., Juan A.

27     Pujadas, Ronald L. Sargent, and Suzanne M. Vautrinot (collectively, the "**Director Defendants**"
       and, together with Wells Fargo, "**Defendants**," and, together with the Lead Plaintiffs, the "**Settling**

28     **Parties**").

                                                                                              -1-

**THIS NOTICE PROVIDES ONLY A SUMMARY OF THE MATERIAL TERMS OF THE SETTLEMENT AND RELEASES**.  You can obtain more information by reviewing the Stipulation, which is available on Plaintiffs' Lead Counsels' websites at www.bfalaw.com, www.motleyrice.com, and www.cpmlegal.com, and on the "Investor Relations" page of Wells Fargo's website at www._____.com.

Because the Settlement involves the resolution of a derivative action, which was brought on behalf of and for the benefit of the Company, the benefits from the Settlement will go to Wells Fargo.  Individual Wells Fargo shareholders will not receive any direct payment from the Settlement.  **ACCORDINGLY, THERE IS NO PROOF OF CLAIM FORM FOR SHAREHOLDERS TO SUBMIT IN CONNECTION WITH THIS SETTLEMENT**.

## WHAT IS THE PURPOSE OF THIS NOTICE?

1.     The purpose of this Notice is to explain the Action, the terms of the proposed Settlement, and how the proposed Settlement affects Wells Fargo shareholders' legal rights.

2.     The United States District Court for the Northern District of California, San Francisco Division (the "**Court**") will hold a hearing ("**Settlement Hearing**") before The Honorable Trina L. Thompson on _____, at _____, at the San Francisco Courthouse, Courtroom 9, 19th Floor, 450 Golden Gate Ave., San Francisco, CA 94102, at which the Court will: (a) determine whether the terms of the Settlement are fair, reasonable, and adequate, and in the best interests of Wells Fargo and Wells Fargo's shareholders; (b) determine whether a Judgment should be entered dismissing the Action with prejudice; (c) determine whether Plaintiffs' Lead Counsel's application for a Fee and Expense Award and Lead Plaintiffs' application for a Service Award should be granted; (d) hear and address any objections; and (e) consider any other matters that may properly be brought before the Court in connection with the Settlement.

## WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?

THE FOLLOWING DESCRIPTION OF THE ACTION AND THE SETTLEMENT HAS BEEN PREPARED BY COUNSEL FOR THE SETTLING PARTIES. THE COURT HAS MADE NO FINDINGS WITH RESPECT TO SUCH MATTERS, AND THIS NOTICE IS NOT AN EXPRESSION OR STATEMENT BY THE COURT OF FINDINGS OF FACT.

**A.     Factual Background**

3.     The Settlement arises out of the Action, which alleges breaches of fiduciary duties and violations of federal securities laws against certain current and former directors of the Company. Specifically, Lead Plaintiffs allege that the Director Defendants breached their fiduciary duties by failing to properly oversee the Company's fair lending practices, exposing the Company to damages. Lead Plaintiffs also allege that the Director Defendants violated the federal securities laws by issuing and/or causing to be issued false or misleading statements relating to the Company's hiring practices, causing the Company to repurchase stock at inflated prices.  Defendants deny all allegations made by the Lead Plaintiffs in the Action.

**B.      Overview of Litigation**

4.      Beginning on September 9, 2022, several shareholder derivative complaints were filed in the United States District Court for the Northern District of California, San Francisco Division, against the Director Defendants.  Prior to filing suit, certain Wells Fargo shareholders, including Lead Plaintiff Amy Isenberg ("**Isenberg**"), also made shareholder inspection demands on Wells Fargo and ultimately received productions of books and records from Wells Fargo.

5.      On February 12, 2024, after consolidating the actions, the Court appointed Plaintiffs Isenberg, City of Plantation Police Officers' Retirement Fund ("**Plantation**"), and City of Pontiac Reestablished General Employees' Retirement System ("**Pontiac**") as Lead Plaintiffs and the law firms Cotchett, Pitre & McCarthy LLP ("**CPM**"), Bleichmar Fonti & Auld LLP ("**BFA**") and Motley Rice LLC ("**MR**") as Plaintiffs' Lead Counsel.  The Court then directed Lead Plaintiffs to file a consolidated complaint.

6.      On May 10, 2024, Lead Plaintiffs filed their Consolidated Amended Complaint, alleging claims for breach of fiduciary duty, violation of Section 14(a) of the Securities Act of 1934, violation of Section 10(b) of the Exchange Act, and violation of Section 20(a) of the Exchange Act.

7.      On June 11, 2024, Wells Fargo, and Scott Powell, Michael Santomassimo, Carly Sanchez, Kleber Santos, and Jonathan Weiss ("**Officer Defendants**") filed motions to dismiss the Consolidated Amended Complaint.  The Director Defendants filed joinders with respect to Wells Fargo's motion to dismiss.

8.      On September 20, 2024, the Court issued an Order granting-in-part and denying-in-part the motions to dismiss the Consolidated Amended Complaint, with leave to amend.  The Court granted the motion to dismiss Lead Plaintiffs' claim for breach of fiduciary duty as to discriminatory hiring practices, Section 14(a) claim as to discriminatory hiring and lending practices, and Section 10(b) and Section 20(a) claims as to discriminatory lending practices.  The Court denied the motions to dismiss Lead Plaintiffs' claim for breach of fiduciary duty as to discriminatory lending practices and Section 10(b) and Section 20(a) claims as to discriminatory hiring practices.  The Court granted leave to amend Lead Plaintiffs' demand futility allegations for claims against the Officer Defendants.

9.      On October 3, 2024, Lead Plaintiffs filed a Second Amended Consolidated Complaint, which dismissed Michael Santomassimo and Jonathan Weiss.  On October 17, 2024, the remaining Officer Defendants filed a motion to dismiss the Second Amended Consolidated Complaint.  On January 16, 2025, the Court issued an Order granting the motion to dismiss for failure to plead demand futility on the claims against the Officer Defendants.

10.      On November 1, 2024, the Court issued a revised Case Management and Scheduling Order, setting new deadlines for discovery, dispositive motions, mediation and trial.  Trial was set for April 27, 2026.

11.      Lead Plaintiffs and Defendants engaged in substantial fact discovery, including requests and production of documents, interrogatories, and depositions of party and third-party witnesses.  They also engaged in substantial motion practice before Magistrate Judge Sallie Kim to resolve discovery disputes.  In August 2025, the Lead Plaintiffs and the Director Defendants exchanged opening expert reports.

**C.    The Mediation and Extensive Settlement Negotiations**

12.    In August 2025, Lead Plaintiffs, the Director Defendants, and Wells Fargo engaged in mediation discussions.  These discussions commenced after completion of shareholder inspection demands, resolution of motions relating to the pleadings and discovery matters, substantial factual discovery, both in this case and in related actions, and expert disclosures, including the exchange of expert reports addressing Wells Fargo's lending practices, corporate governance, and damages, amongst other subject matters.

13.    After exchanging detailed mediation briefs, the Settling Parties engaged the Honorable Layn R. Phillips (Ret.), formerly the Chief Judge of the United States District Court for the Western District of Oklahoma, to serve as mediator.  The Settling Parties held a full-day, in-person mediation session in New York, New York on August 21, 2025, which included participation by Lead Plaintiffs, Plaintiffs' Lead Counsel, Defendants' Counsel, and representatives from Wells Fargo and its insurers.  While the mediation did not result in a settlement, the Settling Parties continued to engage in further discussions of the merits of Lead Plaintiffs' claims and the Settling Parties' proposals for corporate reforms with the assistance of Judge Phillips.  Following extensive negotiations, the Settling Parties reached agreement, memorialized in a term sheet, to all substantive terms of the settlement, including the Borrower Programs (described below).

14.    After agreeing to all substantive terms of the proposed settlement, Judge Phillips facilitated negotiations between the Settling Parties concerning the amount of any Fee and Expense Award and Service Award.  On October 7, 2025, the Settling Parties reached agreement on the Fee and Expense Award and Service Award, subject to Court approval.

15.    The Settling Parties' agreement to settle the Litigation, and the agreement on the Fee and Expense Award and Service Award, are set forth in the Stipulation.  Wells Fargo's Board has also reviewed the terms and conditions in this Settlement and believes that the Settlement is in the best interests of the Company and its shareholders.

16.    The Settling Parties entered into the Stipulation on October 13, 2025.

<div style="border:1px solid black; text-align:center;">WHAT ARE THE TERMS OF THE SETTLEMENT?</div>

17.    On _____, 2025, the Court entered an order (the "**Preliminary Approval Order**") in connection with the Settlement which, among other things, preliminarily approved the Settlement, authorized this Notice to be provided to current Wells Fargo shareholders, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

18.    In consideration of the Settlement and the releases provided therein, and subject to the terms and conditions of the Stipulation, the Settling Parties have agreed to the following Settlement Consideration for Wells Fargo.

19.    <u>Borrower Programs</u>: Within ninety (90) calendar days after the Effective Date, Wells Fargo shall fund $100 million in mortgage assistance to benefit low- and moderate-income borrowers and borrowers in low- and moderate-income census tracts (downpayment and closing cost assistance) in certain geographic regions in the United States ("**Borrower Programs**").  The Borrower Programs will remain in existence for a minimum of three (3) years after final approval

of the Settlement, and the entire $100 million will be used to provide mortgage assistance to low- and moderate-income borrowers or borrowers currently residing in or purchasing property in low- and moderate-income census tracts, in the geographic areas set forth in Appendix A to the Stipulation. Wells Fargo reserves the right to modify the Borrower Programs to comply with any applicable laws, rules, and regulations; regulatory guidance; and executive orders; and to modify the geographic areas to maximize the effectiveness of the Borrower Programs.

20. <u>Monetary Consideration</u>: The Monetary Consideration of $10 million shall be paid by the Insurer on behalf of the Director Defendants to Wells Fargo. The Insurer shall cause the Monetary Consideration to be paid to Wells Fargo within thirty (30) calendar days of the Effective Date.

| WHAT ARE THE SETTLING PARTIES' REASONS FOR THE SETTLEMENT? |
| --- |

**E.    Why did the Co-Lead Plaintiffs agree to settle?**

21.    As discussed above, this Settlement was reached after substantial litigation, including shareholder inspection demands, investigation and preparation of the complaints, motions to dismiss, substantial discovery (including discovery motions), expert discovery, and preparation for summary judgment motions and trial. As a result, Lead Plaintiffs' Counsel reviewed and analyzed data from many sources to assess the strengths and weaknesses of their claims, including (1) confidential, non-public internal documents responsive to shareholder inspection demands; (2) Wells Fargo's public filings with the SEC, press releases, announcements, transcripts of investor conference calls, and news articles; (3) securities analyst, business, and financial media reports about Wells Fargo; (4) internal documents produced by Wells Fargo and the Director Defendants in discovery; (5) deposition transcripts and exhibits in this Action; and (6) documents, deposition transcripts and exhibits in related actions. Lead Plaintiffs' Counsel also (1) researched the applicable law with respect to the claims asserted (or which could be asserted) in the shareholder derivative actions and the potential defenses thereto; (2) consulted with experts retained on numerous matters relevant to the pending litigation and settlement issues; (3) prepared detailed mediation statements; (4) reviewed documents and information provided in advance of the mediation sessions and during settlement negotiations; (5) participated in an in-person mediation; and (6) engaged in subsequent settlement discussions with Defendants' counsel.

22.    Lead Plaintiffs' Counsel believe that the claims asserted in the Litigation have merit and that their investigation of the evidence supports the claims asserted. Without conceding the merit of any of the Defendants' defenses, and in light of the benefits of the Settlement as well as to avoid the potentially protracted time, expense, and uncertainty associated with continued litigation, including potential trial(s) and appeal(s), Lead Plaintiffs and Lead Plaintiffs' Counsel have concluded that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation. Lead Plaintiffs and Lead Plaintiffs' Counsel recognize the significant risk, expense, and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial(s) and through possible appeal(s). Lead Plaintiffs' Counsel have also taken into account the uncertain outcome and the risk of any litigation, especially complex litigation such as the Litigation, the difficulties and delays inherent in such litigation, the cost to Wells Fargo—on behalf of which Lead Plaintiffs filed the Litigation—and distraction to management of Wells Fargo that would result from extended litigation. Based on their evaluation, and in light of what Lead Plaintiffs' Counsel believe to be the significant benefits conferred upon Wells Fargo as a result of the Settlement, Lead Plaintiffs and Lead Plaintiffs' Counsel have

determined that the Settlement is in the best interests of Lead Plaintiffs and Wells Fargo and have agreed to settle the Litigation upon the terms and subject to the conditions set forth herein.

**F.      Why did the Defendants agree to settle?**

23.     Defendants deny Lead Plaintiffs' allegations and claims in the Litigation and any wrongdoing or liability whatsoever.  Defendants are entering into the Stipulation for settlement purposes only and solely to avoid the cost, disruption, and uncertainty of further litigation. Defendants agree that the Litigation was filed in good faith and with an adequate basis in fact, was not frivolous, and is being settled voluntarily.  Defendants have determined that it is desirable and beneficial that the Litigation and all of the Settling Parties' disputes related thereto, be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.  Pursuant to the terms set forth therein, the Stipulation (including all of the exhibits thereto) shall in no event be construed as or deemed to be evidence of an admission or concession by the Defendants with respect to any claim of fault, liability, wrongdoing, or damage whatsoever.

| WHAT WILL HAPPEN IF THE SETTLMENT IS APPROVED? WHAT CLAIMS WILL THE SETTLEMENT RELEASE? |
| --- |

24.     If the Settlement is approved, the Court will enter a Judgment. Pursuant to the Judgment, the Action will be dismissed in its entirety and with prejudice and, upon the Effective Date of the Settlement,[1] the following releases will occur:

25.     **Release of Claims by Current Wells Fargo Shareholders**.  Upon the Effective Date, the Lead Plaintiffs (acting on their own behalf and derivatively on behalf of Wells Fargo), Wells Fargo, and any Person acting derivatively on behalf of Wells Fargo shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, discharged and dismissed with prejudice the Released Shareholder Claims (including Unknown Claims) against the Released Defendant Persons which, as detailed in the Stipulation, means any and all claims, rights, demands, obligations, controversies, debts, disputes, damages, losses, actions, causes of action, sums of money due, judgments, suits, amounts, matters, issues, liabilities, and charges of any kind or nature whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), and claims for relief of every nature and description whatsoever, whether in law or equity, including both known claims and Unknown Claims, suspected or unsuspected, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, matured or unmatured, foreseen or unforeseen, whether arising under federal or state statutory or common law, or any other law, rule, or regulation, whether foreign or domestic, that Wells Fargo, the Lead Plaintiffs derivatively on behalf of Wells Fargo, or any Wells Fargo shareholder derivatively on behalf of Wells Fargo (i) asserted in any of the complaints filed in the Litigation, or (ii) could have asserted in any court, tribunal, forum, or proceeding, under the laws of any jurisdiction, arising out of, relating to, or based upon the facts, allegations, events, disclosures, non-disclosures, occurrences, representations, statements, matters, transactions, conduct, actions, failures to act, omissions, or circumstances that were alleged in any of the complaints filed in the Litigation, regardless of the jurisdiction in which

---

[1] The Effective Date of the Settlement is conditioned on the occurrence of each of the events described in Paragraph 6.1 of the Stipulation, which include the entry of the Judgment by the Court approving the Settlement and dismissing the Action with prejudice, the passing of the date upon which the Judgment becomes Final, and the passing of the date upon which the dismissal order in the Action becomes Final.

such facts, allegations, events, disclosures, non-disclosures, occurrences, representations, statements, matters, transactions, conduct, actions, failures to act, omissions, or circumstances were or could have been alleged or where such facts, allegations, events, disclosures, non-disclosures, occurrences, representations, statements, matters, transactions, conduct, actions, failures to act, omissions, or circumstances had impact.[2]

26.    In addition, upon the Effective Date, the Lead Plaintiffs (acting on their own behalf and derivatively on behalf of Wells Fargo), Wells Fargo, and any Person acting derivatively on behalf of Wells Fargo, shall be forever barred and enjoined from asserting, commencing, instituting, or prosecuting any of the Released Shareholder Claims (including Unknown Claims) against any Released Defendant Persons, regardless of the jurisdiction in which such claims were or could have been alleged or where the claims had impact.

27.    **Release of Claims by Defendants.** Upon the Effective Date, each of the Director Defendants and Wells Fargo shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Defendant Claims (including Unknown Claims) against the Released Shareholder Persons which, as detailed in the Stipulation, means any and all claims, rights, demands, obligations, controversies, debts, damages, losses, causes of action, and liabilities of any kind or nature whatsoever, whether in law or equity, including both known claims and Unknown Claims, suspected or unsuspected, accrued or unaccrued, that Defendants have or could have asserted against the Released Shareholder Persons or their counsel, arising out of the institution, prosecution, or settlement of the claims asserted against Defendants in the Litigation that Defendants (i) asserted in the Litigation, or (ii) could have asserted in the Litigation, or in any other forum, that arise out of, relate to, or are based upon, any of the allegations, transactions, facts, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts or omissions, alleged or referred to in any of the complaints filed in the Litigation.[3]

28.    By Order of the Court, pending final determination of whether the Settlement should be approved, the Lead Plaintiffs and all other current Wells Fargo shareholders are barred and enjoined from asserting, commencing, instituting, or prosecuting any of the Released Shareholder Claims against any of the Released Defendant Persons.

29.    **THE ABOVE DESCRIPTION OF THE PROPOSED RELEASES IS ONLY A SUMMARY. The complete terms—including the definitions of the Effective Date, Released Defendant Claims, Released Defendant Persons, Released Shareholder Claims, Released Shareholder Persons, and Unknown Claims—are set forth in the Stipulation,** which is available

---

[2] The Released Shareholder Claims shall not include (i) the claims asserted in the pending actions, *In re Wells Fargo Mortgage Discrimination Litig.*, No. 3:22-cv-00990-JD (N.D.Cal.) ("**Mortgage Discrimination**") and *SEB Inv. Mgmt. AB, et al. v. Wells Fargo & Co., et al.*, No. 3:22-cv-03811-TLT (N.D. Cal.) ("**SEB**"), (ii) any claims relating to the enforcement of the Settlement or the Stipulation, (iii) any claims that arise out of or are based upon any conduct of the Released Defendant Persons after the Effective Date, and (iv) any claims in connection with the D&O Policy that the Director Defendants or Wells Fargo may have against the Insurer, except as set forth in the Insurance Agreement.

[3] The Released Defendant Claims shall not include (i) any claims relating to the enforcement of the Settlement or the Stipulation, (ii) any claims by Defendants relating to insurance coverage or the right to indemnification, or (iii) any claims that arise out of or are based upon any conduct of the Released Shareholders Persons after the Effective Date.

on the "Investor Relations" page of Wells Fargo's website at www._____.com and on Plaintiffs' Lead Counsels' websites at www.bfalaw.com, www.motleyrice.com, and www.cpmlegal.com.

## HOW WILL THE SHAREHOLDERS' ATTORNEYS BE PAID?

30.     Plaintiffs' Lead Counsel have not received any payment for their services in pursuing the claims asserted in the Action, nor have the Plaintiffs' Lead Counsel been reimbursed for their litigation expenses.  In light of benefits produced for Wells Fargo by the Lead Plaintiffs and the Plaintiffs' Lead Counsel in connection with the Settlement, Plaintiffs' Lead Counsel intend to seek approval from the Court for a Fee and Expense Award in the amount of $27,500,000.  The Fee and Expense Award is separate from and in addition to the $100 million spend commitment for the Borrower Programs and $10 million payment to Wells Fargo.  The Fee and Expense Award, which includes litigation expenses, was negotiated between Lead Plaintiffs' Counsel and Wells Fargo, with the assistance of the mediator, Judge Phillips.  Lead Plaintiffs further intend to seek approval from the Court for a Service Award not to exceed $20,000 for each Lead Plaintiff, which would be paid from any Fee and Expense Award.

31.     The Court will determine the amount of the Fee and Expense Award to Plaintiffs' Lead Counsel and the Service Award for Lead Plaintiffs.  Wells Fargo shareholders are not personally liable for any such Awards.  Further, any Awards approved by the Court will not diminish or have any impact on the $100 million spend commitment by Wells Fargo or the $10 million payment to Wells Fargo.

## WHEN AND WHERE WILL THE SETTLEMENT HEARING BE HELD? DO I HAVE THE RIGHT TO APPEAR AT THE SETTLEMENT HEARING?

32.     The Court will consider the Settlement, Plaintiffs' Lead Counsel's application for a Fee and Expense Award, and Lead Plaintiffs' application for a Service Award at the Settlement Hearing.

33.     Any Wells Fargo shareholder who held Wells Fargo common stock as of October 13, 2025 and continues to hold such shares of Wells Fargo common stock as of the date of the Settlement Hearing may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of the Court and delivering a notice of appearance to Plaintiffs' Lead Counsel and to Defendants' Counsel at the addresses set forth in Paragraph 34 below, such that it is received no later than ten (10) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.

34.     Any Wells Fargo shareholder who held Wells Fargo common stock as of October 13, 2025 and continues to hold such shares of Wells Fargo common stock as of the date of the Settlement Hearing may file a written objection to the proposed Settlement, Plaintiffs' Lead Counsel's application for a Fee and Expense Award, and/or Lead Plaintiffs' application for a Service Award, and appear and show cause, if he, she, or it has any cause, why the proposed Settlement and/or the applications for such Fee and Expense Award and Service Award should not be approved. All Current Wells Fargo Shareholders desiring to object are directed to file a written objection with the Clerk of the Court and serve (by hand, first-class mail, or express service) copies of such objection on Plaintiffs' Lead Counsel and Defendants' Counsel at the addresses set forth below such

that they are received no later than _____, which is ten (10) calendar days prior to the Settlement Hearing.

| Clerk of the Court | Plaintiffs' Lead Counsel | Defendants' Counsel |
|---|---|---|
| Mark B. Busby<br>Office of the Clerk<br>United States District Court<br>450 Golden Gate Avenue,<br>Box 36060<br>San Francisco, CA 94102-3489 | Cotchett, Pitre & McCarthy<br>Attn: Wells Fargo Settlement<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010 | Christopher M. Viapiano<br>Sullivan & Cromwell LLP<br>1700 New York Avenue N.W.,<br>Suite 700<br>Washington, D.C. 20006 |

35.     Any Wells Fargo shareholder who held Wells Fargo common stock as of October 13, 2025 and continues to hold shares of Wells Fargo common stock as of the date of the Settlement Hearing and who wishes to be heard orally at the Settlement Hearing may appear at the hearing, whether or not they have filed an objection.

36.     Any objections, filings, and other submissions: (a) must state the name, address, and telephone number of the objector and, if represented by counsel, the name, address, and telephone number of his, her, or its counsel; (b) must be signed by the objector; (c) must contain a specific, written statement of the objection(s) and the specific reason(s) for the objection(s), including any legal and evidentiary support the objector wishes to bring to the Court's attention, and if the objector has indicated that he, she, or it intends to appear at the Settlement Hearing, the identity of any witnesses the objector may call to testify and any exhibits the objector intends to introduce into evidence at the hearing; and (d) must include documentation sufficient to prove that the objector owned shares of Wells Fargo common stock as of October 13, 2025 and contain a statement that the objector continues to hold such shares as of the date of filing of the objection and will continue to hold those shares as of the date of the Settlement Hearing.

37.     Documentation establishing ownership of Wells Fargo common stock must consist of copies of monthly brokerage account statements, or an authorized statement from the objector's broker containing the information found in an account statement.

38.     You may file a written objection without having to appear at the Settlement Hearing. Any Current Wells Fargo Shareholder may also appear and object at the Settlement Hearing with or without having submitted a written objection.

39.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense.  If you file an objection in connection with or intend to appear at the Settlement Hearing, your attorney should file a notice of appearance with the Court and serve it on Plaintiffs' Lead Counsel and Defendants' Counsel at the addresses set forth in Paragraph 34 above so that the notice is received on or before _____.

40.     Unless the Court orders otherwise, any Person who does not make his, her, or its objection in the manner provided herein shall: (a) be deemed to have waived and forfeited his, her, or its right to object to any aspect of the proposed Settlement, Fee and Expense Award and/or Service Award; (b) be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Judgment to be entered approving the Settlement, the Fee and

Expense Award and/or Service Award; and (c) be deemed to have waived and forever barred and foreclosed from being heard, in this or any other proceeding, with respect to any matters concerning the Settlement or the contemplated and/or approved Fee and Expense Award and Service Award.

| CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
| --- |

41.    This Notice does not purport to be a comprehensive description of the Action, the allegations related thereto, the terms of the Settlement, or the Settlement Hearing.  For a more detailed statement of the matters involved in the Action, you or your attorney may inspect the pleadings, the Stipulation, the orders entered by the Court, and other papers filed in the Action at the Office of the Clerk, United States District Court, 450 Golden Gate Avenue, San Francisco, CA 94102-3489, during regular business hours of each business day, or by requesting copies from Plaintiffs' Lead Counsel.  You may also view a copy of the Stipulation on the "Investor Relations" page of Wells Fargo's website at www._____.com.

42.    If you have questions regarding the Settlement, you may write Plaintiffs' Lead Counsel at Cotchett, Pitre & McCarthy, Attn:  Wells Fargo Settlement, 840 Malcolm Road, Suite 200, Burlingame, CA 94010 or email at WellsFargoSettlement@cpmlegal.com.

**PLEASE DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF THE COURT REGARDING THIS NOTICE.**

Dated: _____

                                        BY ORDER OF THE COURT
                                        UNITED STATES FEDERAL DISTRICT
                                        COURT FOR THE NORTHERN DISTRICT
                                        OF CALIFORNIA, SAN FRANCISCO
                                        DIVISION

# EXHIBIT C

**Exhibit C**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE WELLS FARGO & COMPANY HIRING PRACTICES DERIVATIVE LITIGATION | Lead Case No. 3:22-cv-05173-TLT |
| This Document Relates To: | The Honorable Trina L. Thompson |
| ALL ACTIONS | |

**SUMMARY NOTICE OF**
**PENDENCY AND PROPOSED SETTLEMENT OF DERIVATIVE ACTION**

TO:    ALL PERSONS AND ENTITIES WHO HELD WELLS FARGO & COMPANY COMMON STOCK AS OF OCTOBER 13, 2025 AND CONTINUE TO HOLD SUCH SHARES AS OF THE CLOSE OF TRADING ON [DATE OF SETTLEMENT HEARING]

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**
**YOUR RIGHTS WILL BE AFFECTED BY THE ACTIONS.**

YOU ARE HEREBY NOTIFIED of the pendency of the following derivative action brought in federal court: *In re Wells Fargo & Company Hiring Practices Derivative Litigation*, Case No. 3:22-cv-05173-TLT (N.D. Cal.) (the "**Action**").

YOU ARE ALSO HEREBY NOTIFIED that the parties to the Action have reached a proposed settlement ("**Settlement**"), the terms and conditions of which are set forth in the Stipulation and Agreement of Settlement entered into on October 13, 2025 ("**Stipulation**").

A more detailed description of the allegations and the claims asserted in the Action is set forth in the Stipulation, as well as the full Notice of Pendency and Proposed Settlement of Derivative Action ("**Notice**"), both of which are publicly available for review on the "Investor Relations" page of Wells Fargo's website at www._____.com and on Plaintiffs' Lead Counsels' websites at www.bfalaw.com, www.motleyrice.com, and www.cpmlegal.com. All capitalized terms used in this

1  Summary Notice that are not otherwise defined herein have the meanings provided in the Stipulation
2  and/or Notice.

3      In consideration of the Settlement and the releases provided therein, and subject to the terms
   and conditions of the Stipulation, Wells Fargo has agreed to fund $100 million in mortgage
4  assistance to benefit low- and moderate-income borrowers and borrowers in low- and moderate-
   income census tracts (downpayment and closing cost assistance) in certain geographic regions in
5  the United States ("**Borrower Programs**").  The Borrower Programs will remain in existence for a
   minimum of three (3) years after final approval of the Settlement, and the entire $100 million will
6  be used to provide mortgage assistance to low- and moderate-income borrowers or borrowers
   currently residing in or purchasing property in low- and moderate-income census tracts, in the
7  geographic areas set forth in Appendix A to the Stipulation.  Wells Fargo reserves the right to modify
   the Borrower Programs to comply with any applicable laws, rules, and regulations; regulatory
8  guidance; and executive orders; and to modify the geographic areas to maximize the effectiveness
   of the Borrower Programs.  In addition, the Monetary Consideration of $10 million shall be paid by
9  the Insurer on behalf of the Director Defendants to Wells Fargo.
10

11     The United States District Court for the Northern District of California, San Francisco
   Division (the "**Court**") will hold a hearing ("**Settlement Hearing**") before The Honorable Trina L.
12 Thompson on _____ at ____ .m., at the San Francisco Courthouse, Courtroom 9, 19th Floor,
   450 Golden Gate Ave., San Francisco, CA 94102.  At the Settlement Hearing, the Court will: (a)
13 determine whether  the terms of the Settlement are fair, reasonable, and adequate, and in the best
   interests of Wells Fargo and Wells Fargo's shareholders; (b) determine whether a Judgment should
14 be entered dismissing the Action with prejudice; (c) determine whether Plaintiffs' Lead Counsel's
   application for a Fee and Expense Award and Lead Plaintiffs' application for a Service Award
15 should be granted; (d) hear and address any objections; and (e) consider any other matters that may
   properly be brought before the Court in connection with the Settlement.
16

17     If you wish to object to the proposed Settlement, Plaintiffs' Lead Counsel's application for
   a Fee and Expense Award, and/or Lead Plaintiffs' application for a Service Award (as defined in
18 the Stipulation), you must provide in writing your full name, address, and telephone number, and if
   represented by counsel, the name and address of your counsel; appropriate proof of your ownership
19 of Wells Fargo common stock as of October 13, 2025; and your signature.  You may not ask the
   Court to order a larger settlement; the Court can only approve or deny the settlement.  You may also
20 appear at the Settlement Hearing on _____, 2025, either in person or through your own
   attorney.  If you appear through your own attorney, you are responsible for paying that attorney.
21 All written objections and supporting objections must: (a) clearly identify the case name and number
   (*In re Wells Fargo & Company Hiring Practices Derivative Litigation,* Case No. 3:22-cv-05173-
22 TLT (N.D. Cal.)); (b) be submitted to the Court either by mailing them to the Clerk of the Court for
23 the United States District Court for the Northern District of California, 450 Golden Gate Avenue,
   Box 36060, San Francisco, CA 94102-3489, or by filing them in person at the United States District
24 Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102-
   3489, during regular business hours; and (c) be filed or postmarked on or before _____,
25 which is ten (10) calendar days prior to the Settlement Hearing.
26

27     PLEASE NOTE: Because the Settlement involves the resolution of a shareholder derivative
   action, which was brought on behalf of and for the benefit of the Company, the benefits from the
28 Settlement will go to Wells Fargo.  Individual Wells Fargo shareholders will not receive any direct
   -2-

payment from the Settlement.  **ACCORDINGLY, THERE IS NO PROOF OF CLAIM FORM FOR SHAREHOLDERS TO SUBMIT IN CONNECTION WITH THIS SETTLEMENT. ALSO, SHAREHOLDERS ARE NOT REQUIRED TO TAKE ANY ACTION IN RESPONSE TO THIS SUMMARY NOTICE.**

**PLEASE DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF THE COURT REGARDING THIS NOTICE.**

All questions regarding this Summary Notice, the Action, and the Settlement should be made to Plaintiffs' Lead Counsel by mail to Cotchett, Pitre & McCarthy, Attn: Wells Fargo Settlement, 840 Malcolm Road, Suite 200, Burlingame, CA 94010 or email at WellsFargoSettlement@cpmlegal.com.

Dated: _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF
CALIFORNIA, SAN FRANCISCO DIVISION

-3-

SUMMARY NOTICE OF PENDENCY AND PROPOSED                LEAD CASE NO. 3:22-CV-05173-TLT
SETTLEMENT OF DERIVATIVE ACTIONS

# EXHIBIT D

**Exhibit D**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE WELLS FARGO & COMPANY HIRING PRACTICES DERIVATIVE LITIGATION | Lead Case No. 3:22-cv-05173-TLT |
| | **[PROPOSED] ORDER AND FINAL JUDGMENT** |
| This Document Relates To: | The Honorable Trina L. Thompson |
|     ALL ACTIONS | |

A hearing having been held before this Court on _____, 2025, pursuant to the Court's Order of _____, 2025 (the "Preliminary Approval Order"), on the application of the Parties for approval of the settlement set forth in the Stipulation and Agreement of Compromise, Settlement, and Release, executed on October 13, 2025 (the "Stipulation" or "Settlement"); due and adequate notice of the Settlement having been given as required in said Preliminary Approval Order; and the Court having considered all papers filed and proceedings held herein, and otherwise being fully informed, and good cause appearing therefor, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.      **Definitions**: Unless otherwise defined in this Order, the capitalized terms used herein shall have the same meanings as they have in the Stipulation.

2.      **Jurisdiction**: The Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over the Settling Parties.

3.      **Incorporation of Settlement Documents**: This Judgment incorporates and makes a part hereof the Stipulation filed with the Court on October 13, 2025 and all exhibits thereto.

4.      **Notice**: The Court finds that the publication of the Summary Notice in *Investor's Business Daily*, the attachment of the Notice to the Company's Form 8-K filed with the U.S. Securities and Exchange Commission, the posting of the Notice and Stipulation on the "Investor Relations" page of the Company's website and on Plaintiffs' Lead Counsels' websites, and the posting of the motions for final approval of the Settlement, and for approval of a Fee and Expense Award and Service Award on Plaintiffs' Lead Counsels' websites, were implemented in accordance with the Preliminary Approval Order: (i) is the best notice reasonably calculated, under the circumstances, to apprise Wells Fargo shareholders of the pendency of the Action, of the effect of the proposed Settlement (including the releases to be provided thereunder), of their right to object to the Settlement, and of their right to appear at the Settlement Hearing; (ii) constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iii) satisfies the requirements of the United States Constitution (including the Due Process Clause) and all other applicable law and rules.

5.      The Settlement set forth in the Stipulation is fair, reasonable, adequate, and in the best interests of Wells Fargo and Wells Fargo shareholders, and the Court further finds in connection therewith that:

a.      The Settlement was negotiated at arm's length by experienced and skilled counsel on behalf of the Lead Plaintiffs and Defendants.

b.      The Settlement was entered into in good faith and is not collusive.

c.      The Settlement was reached after substantial litigation, including pre-suit shareholder inspection demands, investigation and preparation of the complaints, briefing on multiple motions to dismiss, substantial discovery (including discovery motions), expert discovery, and preparation for summary judgment motions and trial.  As a result, Lead Plaintiffs' Counsel reviewed (1) confidential, non-public internal documents responsive to shareholder inspection demands; (2) Wells Fargo's public filings with the SEC, press releases, announcements, transcripts of investor conference calls, and news articles; (3) securities analyst, business, and financial media reports about Wells Fargo; (4) 1.5 million pages of internal documents produced in discovery; (5) deposition transcripts and exhibits in this action, and (6) documents, deposition transcripts and exhibits in related actions.

d.      The Settling Parties engaged in an in-person mediation under the guidance of the Honorable Layn R. Phillips (Ret.), formerly the Chief Judge of the United States District Court for the Western District of Oklahoma, in New York, New York on August 21, 2025, which included participation by Lead Plaintiffs, Plaintiffs' Lead Counsel, Defendants' Counsel, and representatives from Wells Fargo and its insurers.  While the mediation did not result in a settlement, the Settling Parties continued to engage in further discussions of the merits of Lead Plaintiffs' claims and the Settling Parties' proposals for corporate reforms with the assistance of Judge Phillips.  Following extensive negotiations, the Settling Parties reached agreement to all substantive terms of the settlement, including the Borrower Programs and Monetary Consideration.

e.      After agreeing to all substantive terms of the proposed settlement, subject to approval, Judge Phillips facilitated negotiations between the Settling Parties concerning the amount

of any Fee and Expense Award.  The Settling Parties agreed that Wells Fargo would pay Lead Plaintiffs' Counsel a Fee and Expense Award of up to $27,500,000, subject to approval by the Court.

f.      As further detailed in the briefing in support of the proposed Settlement, had the Settlement not been achieved, all parties faced risks and uncertainties (and associated costs and further delays) of extended litigation; and, although the Court takes no position on the merits of either the Lead Plaintiffs' or Defendants' positions, such arguments support the reasonableness of the Settlement.

g.      The Lead Plaintiffs and Plaintiffs' Lead Counsel have fairly and adequately represented the interests of Wells Fargo and Wells Fargo's shareholders in connection with the Settlement.

6.      **Final Settlement Approval and Dismissal of Claims**: The Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects, and finds that the Settlement is fair, reasonable, and adequate, and in the best interests of Wells Fargo and Wells Fargo shareholders.  The Settling Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.      The Action and all the claims asserted in the Action are hereby dismissed with prejudice.  The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation and in connection with any Fee and Expense Award and/or Service Award approved by this Court.

8.      **Binding Effect**: The terms of the Stipulation and of this Judgment shall be forever binding on the Settling Parties and all current Wells Fargo shareholders, as well as their respective successors and assigns.  Any current Wells Fargo shareholder who has not timely submitted any actual or potential objection to the Settlement in the manner provided in the Notice is deemed to have waived any objections by appeal, collateral attack, or otherwise.

9.      **Releases**: The releases set forth in Paragraphs 5.1 to 5.4 of the Stipulation, together with the definitions contained in Section I of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The releases are effective as of the Effective Date.  Accordingly, this Court orders that:

[PROPOSED] ORDER AND FINAL JUDGMENT                    LEAD CASE NO. 3:22-CV-05173-TLT

a.      Upon the Effective Date, the Lead Plaintiffs (acting on their own behalf and derivatively on behalf of Wells Fargo), Wells Fargo, and any Person acting derivatively on behalf of Wells Fargo shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, discharged and dismissed with prejudice the Released Shareholder Claims (including Unknown Claims) against the Released Defendant Persons.

b.      Upon the Effective Date, the Lead Plaintiffs (acting on their own behalf and derivatively on behalf of Wells Fargo), Wells Fargo, and any Person acting derivatively on behalf of Wells Fargo, shall be forever barred and enjoined from asserting, commencing, instituting, or prosecuting any of the Released Shareholder Claims against any Released Defendant Persons.

c.      Upon the Effective Date, each of the Director Defendants and Wells Fargo shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Defendant Claims (including Unknown Claims) against the Released Shareholder Persons, and shall be forever barred and enjoined from asserting any Released Defendant Claims against any Released Shareholder Persons.

10.     **No Admissions**: Neither this Judgment, nor the Stipulation (including any exhibits attached thereto), nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered, or used or referred to in any way by the Settling Parties as a presumption, a concession, an admission, or evidence of any fault, wrongdoing, or liability of any of the Settling Parties or of the validity of any Released Claims; or (b) is or may be deemed to be or may be used as a presumption, concession, admission, or evidence of any liability, fault, or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Neither this Judgment, nor the Stipulation, nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Persons may file the Stipulation and/or this Judgment in any action or proceeding that may be brought against them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, standing, good

-4-

faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.    **Retention of Jurisdiction**: Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Settling Parties and all current Wells Fargo shareholders for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; and (b) all other matters relating to the Action.

12.    **Attorney Fees and Service Awards**: Plaintiffs' Lead Counsel is hereby awarded _____ as a Fee and Expense Award. Each of the Lead Plaintiffs is hereby awarded _____ as a Service Award, which the Court finds to be fair and reasonable. The Fee and Expense Award and Service Award is separate from and in addition to the $100 million spend amount for the Borrower Programs and $10 million payment to Wells Fargo. The Fee and Expense Award and Service Award to the Lead Plaintiffs, was negotiated with the assistance of the mediator, the Honorable Layn R. Phillips (Ret.).

13.    **Modification of the Agreement of Settlement**: Without further approval from the Court, the Settling Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto, to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Wells Fargo or current Wells Fargo shareholders in connection with the Settlement. In addition, Wells Fargo reserves the right to modify the Borrower Programs to comply with any applicable laws, rules, and regulations; regulatory guidance; and executive orders; and to modify the geographic areas to maximize the effectiveness of the Borrower Programs. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement.

14.    **Termination of Settlement**: If the Settlement is terminated as provided in the Stipulation or the Effective Date otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of the Settling Parties and all current Wells

Fargo shareholders, and all Settling Parties and Released Persons shall be restored to their respective positions prior to execution of the Stipulation, as provided in the Stipulation.

15.     **Entry of Final Judgment**: There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

IT IS SO ORDERED.

Dated: _____        _____

HONORABLE TRINA L. THOMPSON
UNITED STATES DISTRICT COURT JUDGE